LIBERTY MUTUAL INSURANCE COM-
PANY, Appellant,

v.

Stennard HANCOCK, Appellee.

No. 4220.

Court of Civil Appeals of Texas.

Eastland.

March 8, 1968.

Gardere, Porter & DeHay, Gordon H. Rowe, Jr., Dallas, for appellant.

Woodruff, Hill, Bader & Kendall, Robert Woodruff, Dallas, for appellee.

WALTER, Justice.

Stennard Hancock recovered a judgment against Liberty Mutual Insurance Company under the Texas Workmen's Compensation Act. The company has appealed.

In its first point, it contends the evidence is insufficient to support the jury's answer that appellee's total incapacity was permanent and in its second point that such finding is against the great weight and preponderance of the evidence.

We cannot agree with appellee's statement concerning point one wherein he says:

"Although the test to be applied in passing upon Appellant's First and Second Points of Error is different, i. e., as to the 'insufficiency' point only favorable testimony is to be considered, * * *"

This is the rule to be applied in passing on no evidence points.

In appellant's amended motion for a new trial it set forth in assignment one that there was no evidence to support a finding of total and permanent disability and in assignment two that there was insufficient evidence to support a finding of total and permanent disability. Appellant asserts that its point one is germane to assignment two in its amended motion for new trial. In its prayer it does not ask for a rendition but a remand.

In Garza v. Alviar, 395 S.W.2d 821, (Tex.Sup.Ct.1965), the court said:

"A statement in a point of error, or in the opinion of one of our intermediate appellate courts, that the evidence is 'insufficient' to support a finding by the trier of fact is often troublesome because of its ambiguity. It can mean that the evidence is legally insufficient, i. e., there is no evidence of probative force, to support the finding in question. When that contention is made, a question of law within our jurisdiction as well as that of the Courts of Civil Appeals is presented. In deciding that question, the appellate court must consider only the evidence and the inferences tending to support the finding and disregard all evidence and inferences to the contrary."

"On the other hand, an assertion that the evidence is 'insufficient' to support a finding of fact can mean that the evi-

dence is factually insufficient, i. e., the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the finding should be set aside and a new trial ordered. When that contention is made at the appellate level, a question within the peculiar and conclusive factual jurisdiction of the Courts of Civil Appeals is presented. The intermediate court is required to consider all of the evidence in deciding the question."

■ In our opinion appellant has presented in its point of error number one a point that the evidence is factually insufficient. We have considered all the evidence and find that the evidence is sufficient to support the jury's answer that appellee's total incapacity is permanent and that such finding is not against the great weight and preponderance of the evidence. In Re King's Estate, 244 S.W.2d 660, (Tex. Sup.Ct., 1951).

The company contends the court erred in refusing to grant it a new trial because of newly discovered evidence that the testimony of appellee's only medical witness was false and incorrect.

Hancock testified:

I was bending over a steel tub bringing out a bucket of syrup. When I was about half way up it felt like something had pulled apart which gave me a hot burning sensation in the lower part of my back. I dropped the bucket of syrup and just held on to the side of the tub. The superintendent of the Sunshine Biscuit Plant asked me if I wanted a doctor. I told him I did and I was sent to St. Paul's Hospital in an ambulance.

Dr. Kresh was appellee's medical witness. He testified that he had done pre-employment physicals for DeSoto Paint & Varnish Company and Resistol. In support of appellant's motion for a new trial, it attached the affidavit of one W. B. Ballard. The affidavit states that Ballard has been the personnel director for DeSoto for about

six years and that "this company has never referred an individual to Dr. Herbert Kresh for any sort of physical or industrial treatment." It sets out that Dr. Ralph Lindsey in Garland had his company's business and that "it is my understanding that Herbert Kresh did some examinations and possibly treatment in Dr. Lindsey's office, as an assistant to Dr. Lindsey."

Ballard testified on the motion for a new trial and when asked, "Has Dr. Herbert Kresh ever done a pre-employment physical for your company", he answered, "Yes, sir."

Dr. Kresh testified at the hearing on motion for a new trial. He was asked the following questions and he gave the following answers:

Q. All right, now, what about Resistol, did you either do pre-employment physicals or treat their injured employees?

A. Now, that is Byer-Rolnick Company, Resistol?

Q. Yes.

A. Yes. I think that when I was asked that question originally in the testimony, I said that I did pre-employments and treatments also on both of them, and after checking back with the clinic, it appears, and I know that I treated people at the Byer-Rolnick Corporation for industrial injuries. Apparently, we did not do any pre-employment physicals for this company."

■ We are of the opinion that the discrepancy in his testimony concerning pre-employment physicals for Resistol is not so material that it would probably bring about a different result on another trial.

"Evidence discovered subsequent to trial is a proper ground of a motion for new trial in both civil and criminal cases. To justify the grant of a new trial it generally must be shown that the evidence was unknown to the movent, before the trial, that his failure to discover it was not due to his want of dili-

gence, that its materiality was such as would probably bring about a different result on another trial, and, generally, that it was competent, and not merely cumulative, corroborative, collateral, or impeaching." 41 Tex.Jur.2d page 253, § 105.

We have considered all of appellant's points and find no reversible error in them. They are overruled.

The judgment is affirmed.