Roscoe **HOWARD**, Appellant,

v.

Wilbur Joe **RODGERS**, Appellee.

No. 5063.

Court of Civil Appeals of Texas, Waco.

Dec. 16, 1971.

Rehearing Denied Jan. 13, 1972.

Ward Casey, Waxahachie, for appellant.

Thompson, Knight, Simmons & Bullion, Dallas, for appellee.

HALL, Justice.

On the occasion in question, the plaintiff-appellant, Roscoe Howard, and the defendant-appellee, Wilbur Joe Rodgers, utilizing a crane with cable and hook, were attempting to remove a post from the ground. The defendant was operating the crane, which was mounted on a truck, and the plaintiff was attaching the cable from the crane to a chain which he had wrapped around the post. The crane came in contact with some high-voltage transmission lines overhead and an electric shock was transmitted to the plaintiff causing electrical burns of varying degrees to most of his body.

Trial was to a jury which found, in answer to the following numbered special issues, (1) that the defendant failed to keep a proper lookout, which (2) was a proximate cause of the accident; (9) that the plaintiff failed to keep a proper lookout, which (10) was a proximate cause of the accident; (15) that "on the occasion in question the plaintiff actually knew the danger of being injured as a result of the crane contacting or coming in such close proximity to the electrical lines that electricity would be transmitted to him," (16) that the plaintiff "fully appreciated such danger," and (17) that he "voluntarily exposed himself to such danger." The jury awarded the plaintiff damages in the total amount of $4,547.10, but judgment was rendered on the verdict that plaintiff take nothing.

Among other complaints on appeal, the plaintiff contends that there is no evidence to support the jury's answers to issues nos. 9, 10, and 17, and, alternatively, that the jury's findings in answer to those issues are against the great weight and preponderance of the evidence.

In deciding the question of whether there is evidence of probative value to support a fact finding, the reviewing court must consider only the evidence and inferences that tend to support the finding and disregard all evidence and inferences to the contrary. Garza v. Alviar (Tex.Sup., 1965) 395 S.W.2d 821, 823.

The transmission lines were thirty-two feet and eight inches above the ground. At the time of the accident, the truck upon which the crane was mounted was located slightly to one side of the transmission lines.

The plaintiff testified that he knew the transmission lines were above the crane; that he knew the defendant would cause the cable on the crane to be lowered to the point where plaintiff could hook it to the post; that he "was very much aware" that if the crane got in the transmission lines while he was holding or touching the cable or the hook that he would be shocked; that he did not watch the operation of the crane as it was being extended by the defendant; that at that time he was standing on the ground with his back towards the defendant; that he was watching his hands; that the crane was not in the lines when he first grasped the cable; and that at no time did he glance up or look up to see if the crane was in the transmission lines.

The witness Bill Clements testified that he was "right there with them when they were pulling this post * * * and I saw that this high line—this boom was going to get in these wires * * * I started to tell them to watch that boom, it was going to get in those wires up there * * * I was going to get out of there myself because I could see that boom was flopping around those wires, I seen they were going to get in it. I started walking off * * *."

■■■ We hold that the evidence is legally sufficient to support the jury's answers to issues nos. 9, 10, and 17. In his motion for new trial, plaintiff did not complain that these findings are against the great weight and preponderance of the evidence. We are, therefore, without jurisdiction to pass on this question. Rules 324 and 374, Texas Rules of Civil Procedure; Darryl v. Ford Motor Company (Tex.Sup., 1969) 440 S.W.2d 630, 633. However, if we had the authority to consider the question we would hold, in the light of our review of the entire record, that the findings are not against the great weight and preponderance of the evidence.

We have carefully considered all of appellant's points and contentions. None present error. They are overruled.

The judgment is affirmed.