**Beatrice Donahoe WEST, Appellant,**

v.

**Antonio S. MENDEZ, Appellee.**

**No. 14741.**

Court of Civil Appeals of Texas.

San Antonio.

Feb. 12, 1969.

Rehearing Denied March 12, 1969.

Samuel L. Egger, San Antonio, for appellant.

Edward W. Halbardier, San Antonio, for appellee.

BARROW, Chief Justice.

This is an appeal by Beatrice Donahoe West from a judgment rendered on a jury verdict whereby Antonio S. Mendez and intervener, Service Casualty Company of New York, recovered the sum of $613.85 for damages sustained to appellee's pick-up truck which was being operated by his son Antonio C. Mendez, Jr., when it was involved in a collision with appellant's car at a city intersection.

Appellant asserts four points of error. Points One and Two urge that the trial court erred in submitting Special Issues Nos. 1 and 5 to the jury. These issues established appellant's negligence in that No. 1 inquired as to appellant's lookout, and No. 5 related to her failure to yield the right of way. Appellant, by Point Three, complains of the trial court's failure to direct a verdict for her. These three points are grouped together, and under them it is contended that the evidence is insufficient to identify appellant as the operator of the automobile involved in the collision with appellee's car. She complains of the giving of these issues rather than of the jury's answers thereto and

thereby asserts a "no evidence point." Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup. 1965).

Appellee urges that such contention is not supported by a proper assignment in appellant's motion for new trial. Rule 374, Texas Rules of Civil Procedure, provides in part that where a motion for new trial is required, a ground of error not distinctly set forth in said motion shall be considered as waived. See also Rules 320–322, T.R.C.P.; Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (1960). There are four assignments in appellant's amended motion for new trial which relate to these three points. Paragraph VII states that the trial court erred in submitting Issue No. 1 "over appellant's objections." Paragraphs VI and IX relate to the definition of right of way and complain that such issue is a double submission of Issue No. 3, which inquired if appellant stopped at the stop sign. Paragraph XI of the motion asserts that the court erred in failing to direct a verdict "for the defendant on its own motion when the evidence conclusively showed that no such accident ever occurred as was made the basis of plaintiff's suit herein."

There is no provision in the Texas Rules of Civil Procedure requiring a trial court to grant an instructed verdict on its own motion, in that Rule 268, supra, requires a motion to state the specific grounds therefor. No written motion for instructed verdict was filed, but appellant dictated a motion into the record after both parties rested their case. No complaint is made in same that appellant was not properly identified as the driver of the vehicle which collided with appellee's truck. Furthermore, we have carefully examined the entire record and there is no suggestion of such a contention prior to the filing of appellant's brief. The police officer who investigated the accident and a disinterested eye witness, both testified that the driver of the defendant vehicle was "Mrs. West." Appellant did not testify and no question whatsoever was raised as to her identity during the trial or in the motion for new trial.

Appellee's attorney erroneously alleged that appellee was the driver of his pick-up at the time of the accident, whereas actually his son was the driver. This error was discovered prior to the commencement of the evidence and leave was granted to correct same. Although appellant does not complain on this appeal of the trial court's action in permitting a trial amendment to be filed to correct this error, she did complain of same throughout the trial and this complaint was the basis of her motion for instructed verdict.

We conclude that the proposition asserted under appellant's first three points was not properly preserved.

■ Appellant's other point urges that the trial court erred in submitting Issue No. 8 to the jury and thereby inquiring as to the reasonable cost of repairs in Bexar County, Texas, for the damages to appellee's pick-up caused by the collision. Under this point it is urged that there is no competent evidence to support the giving of such issue. Appellee's Chevrolet pick-up was bought new the year previous to the accident and had not been involved in any prior accident. Following the accident it was taken to the body shop of the Chevrolet dealer where it was subsequently repaired at a cost of $613.85. The vehicle was insured by intervener, and an automobile appraiser made an estimate of the necessary repairs shortly after the accident. He made an itemized list of the damaged items and the reasonable cost in San Antonio of repairing each of such items. Said items totaled the sum of $613.85, which was paid for said repairs. In addition, the body shop manager of the Chevrolet dealer testified that such repairs were made and that the prices charged for same were the reasonable cash market value in San Antonio at said time. This evidence fully

supports the giving of such issue and also the jury's finding thereon.

Appellant's four assignments of error are without merit. The judgment is affirmed.