Virginia **TORRES**, Appellant,

v.

Carl L. **DUAINE**, Individually, et al.,
Appellees.

No. 758.

Court of Civil Appeals of Texas,
Corpus Christi.

May 31, 1973.

Curtis B. Dyer, Corpus Christi, for appellant.

Dyer, Redford, Burnett, Wray & Woolsey, B. Mills Latham, Corpus Christi, for appellees.

## OPINION

YOUNG, Justice.

This is an appeal from a take nothing judgment rendered after a jury trial against Virginia Torres, plaintiff below and appellant herein, in favor of Carl L. Duaine, defendant below and appellee herein.

Mrs. Torres, 79 years old at the time, was walking south along the west edge of Fourteenth Street in Kingsville, Kleberg County, Texas when she was struck by a pick-up truck being backed by Mr. Duaine toward the street out of an abutting parking area to the west of the street. The accident occurred in the early afternoon on a clear day on November 9, 1970.

The jury found negligence against the defendant that proximately caused the plaintiff's injuries, but plaintiff was also found to have failed to keep a proper lookout which was a proximate cause of her injuries. Mrs. Torres' recovery against Mr. Duaine was prevented only because of jury findings against her on special issues numbered 7 (lookout) and 8 (proximate cause). In her points of error numbered 1, 2, 5, 6, 7, 8, 11 and 12 the plaintiff contends that there is no evidence to support the answers of the jury to such special issues, numbered 7 and 8.

The question of "no evidence" is one of law and our review requires us to consider only the evidence and inferences favorable to the jury findings and to disregard all evidence and inferences to the contrary. Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup.1965); Lopez v. Lone Star Beer, Inc. of Corpus Christi, 465 S.W.2d 774 (Tex.Civ.App.—Corpus Christi 1971, n. r. e.).

Mr. Joe Strickland, the investigating police officer, witnessed the accident. In his description of the accident scene, he stated that Fourteenth Street contains four lanes, two for southbound traffic and two for northbound traffic, and is one of the most heavily traveled streets in Kingsville. Fielder's Restaurant is located on the east side of the street. To the west, directly across from the restaurant, is located the Great Texas Lumber Company which has off-street parking facilities for use by its customers. The parking lot begins along the west edge of the street and the only demarcation between the street and the lot is a small paved "gully" for drainage purposes. There is no curb nor sidewalk along the street. The edge of the street along the parking lot is well traveled by pedestrians.

Mr. Strickland, while in his police car on the Fielder's Restaurant parking lot, near Fourteenth Street waiting for traffic to clear, first saw Mrs. Torres who was then walking south along the west edge of the street near a utility pole. He watched her walk about 25 feet continuously until she was hit by the pick-up. According to the officer, her head was at all times turned to the south down the street or to the southeast toward the traffic lane nearest her to her immediate left. She made no rapid movements nor gave any other indication that she ever saw the pick-up before she was struck. Before the inpact, Mrs. Torres, while moving to the south, appeared to the officer to be looking over her left shoulder to watch traffic in Fourteenth Street approaching from behind her. Her course of walking was approximately at a right angle to the pick-up which was to the south and west of her. Mr. Strickland said: "I observed a woman walking

and I observed a pick-up backing up"; he then saw the pick-up strike the woman. He estimated the speed of the pick-up at the time of, and just before, the impact to be about two miles an hour. Further, the officer stated that there were no obstructions between the pick-up and Mrs. Torres to interfere with her visibility.

Mr. Duaine, the defendant-appellee, testified that he parked head-in in front of the lumber company; made a purchase for his surveying business; returned to his pick-up and began backing it slowly toward Fourteenth Street. He moved backward continuously for about 20 to 25 feet until he stopped at a point where the rear end of his pick-up was about even with the edge of the street. Then he alighted from his vehicle to investigate a noise which he said "sounded like somebody walked by my pick-up and laid a hand on the fender." When he got to the back of his pick-up he saw Mrs. Torres lying on the pavement. That was when he first saw Mrs. Torres.

Another witness, Mrs. Sylvia Reyes, saw Mrs. Torres a brief time before the accident. She stated that she and her mother were just leaving in her station wagon from a Gulf service station north of the lumber company when she had to stop near the west edge of the roadway for traffic. Mrs. Reyes said she then saw the lady (Mrs. Torres) a short distance south of a utility pole and the lady was, at that time, standing and facing Fielder's Restaurant. She thought Mrs. Torres was going to cross Fourteenth Street toward the restaurant; Mrs. Reyes then turned her attention to the street traffic and to her mother who was a passenger in her car. When she again looked toward the south, several seconds later, she saw Mrs. Torres lying on the pavement at the rear of the pick-up. Mrs. Reyes said that she did not see the accident; did not see the pick-up before the accident and did not see Mrs. Torres' movements after she first saw her standing and facing toward the restaurant.

Mrs. Torres, the plaintiff, did not testify. And according to the description of her poor physical condition by her doctor and her daughter at the trial, Mrs. Torres was probably unable to testify.

From the testimony just related, it is our opinion that the jury had the right to infer that Mrs. Torres would have seen the slow moving pick-up, in front of her and to her right, just before the impact if she had been keeping such a lookout as a person using ordinary care would have kept under the same or similar circumstances, and that she could have either stopped and allowed it to pass first, or stepped out of its way and avoided the collision. The pick-up was backing slowly and continuously, according to the defendant Duaine. Mrs. Torres was walking continuously toward the path of the pick-up, according to Officer Strickland. The jury could reasonably infer that the backing and walking was occurring for several seconds simultaneously and that during this period of time Mrs. Torres' attention was devoted exclusively to the traffic moving from behind and alongside her in the street. Although not required to anticipate negligent conduct on the part of Mr. Duaine, she was not entitled to close her eyes to that which was plainly visible, the moving pick-up truck. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273 (1958); Brister v. Lasiter, 444 S.W.2d 331 (Tex. Civ.App.—El Paso 1969, n. r. e.). We overrule plaintiff's "no evidence" points numbered 1, 2, 5, 6, 7, 8, 11 and 12.

In her points of error numbered 3, 4, 9, 10, 13 and 14, plaintiff asserts that the evidence was factually insufficient to support the jury's answers to special issues numbered 7 (lookout) and 8 (proximate cause). "Factual insufficiency of the evidence" points, to be effective on appeal, must be raised in a motion for new trial. Samford v. Duff, 483 S.W.2d 517 (Tex. Civ.App.—Corpus Christi 1972, n. r. e.); Calvert, "No Evidence" and "Insufficient

Evidence" Points of Error, 38 Tex. Law Rev. 361, 365. In an appeal from a judgment rendered upon the verdict returned by a jury, a point of error on appeal must be germane to an assignment of error contained in the motion for new trial. Rules 374 and 418, Texas Rules of Civil Procedure; Samford v. Duff, supra.

In her motion for new trial the plaintiff says:

"(2) The Court erred in submitting Special Issue No. 7 for the reason that there is no evidence to support the submission of Special Issue No. 7 inquiring about the lookout of the Plaintiff. The Court erred in submitting that issue for the reason that: . . . . (d) there is insufficient evidence to support the submission of those issues; and (e) the affirmative finding by the jury is against the weight and preponderance of the evidence."

Plaintiff's assignment (3) is the same as (2) except in that the complaint in (3) is to the submission of "Special Issue No. 8 inquiring about the proximate cause of Plaintiff's failure to keep a proper lookout." The error complained of in each of assignments (2) and (3) in plaintiff's motion for new trial is that the court erred in submitting the designated issue, not that the evidence is factually insufficient to support such answers. The complaints in assignments (2) and (3) are "no evidence" assignments and not "factually insufficient evidence" assignments. Garza v. Alviar, supra; West v. Mendez, 438 S.W.2d 370 (Tex.Civ.App.—San Antonio 1969, no writ). The points of error relating to "factual insufficiency of the evidence" are not germane to any assignments of error set out in the motion for new trial and for that reason must be overruled. These points were not raised in the trial court in the motion for new trial, so they have been waived.

There is another reason the plaintiff's points on "factually insufficient evidence"

should be overruled. We have reviewed the entire record carefully and considered these points and we hold that the jury's answers to special issues numbered 7 and 8 are not so against the greater weight and preponderance of the evidence as to be manifestly unjust and clearly wrong. Plaintiff's points of error numbered 3, 4, 9, 10, 13 and 14 are overruled.

Next, the plaintiff's points 15 through 19 are directed to the jury's answer to special issue 9. This issue inquired whether Mrs. Torres placed herself in the path of the pick-up truck when it was backing in reverse. The jury answered "We do." However the jury answered "We do not" in the related negligence and proximate cause special issues. Therefore, the answer to special issue 9 is immaterial and need not be considered for any purpose on appeal. Plaintiff's points 15 through 19 are overruled.

The judgment of the trial court is affirmed.