RANGEMASTER, INC., Appellant,

v.

William Ray ABEL, Appellee.

No. 1050.

Court of Civil Appeals of Texas,
Corpus Christi.

Dec. 17, 1975.

Rehearing Denied Jan. 15, 1976.

William S. Cox, Houston, L. J. Lacina, Jr., Brenham, for appellant.

Sidney Levine, Conner & Odom, Sealy, for appellee.

OPINION

NYE, Chief Justice.

This is an action brought by plaintiff William Ray Abel for an alleged commission due under an oral contract of employment with defendant Rangemaster, Inc. The case was tried before a jury which found issues favorable to the plaintiff. The trial court then entered judgment for plaintiff in accordance with the jury's verdict. From that judgment defendant has duly perfected its appeal to this Court.

Sometime around the 15th of April of 1974, Leon Schwartz, the general manager of defendant's Brenham Store, contacted plaintiff by telephone concerning a job opening as assistant manager with defendant's store. In this initial conversation over the telephone, Mr. Schwartz indicated that the job of assistant manager would pay $600.00 per month plus a commission out of the western wear store. The defendant corporation has several stores, with the Brenham store being the subject matter of this case. The Brenham store's operation includes sale of dry and liquid feed and western wear. Plaintiff did not immediately accept the job but agreed to meet further with Schwartz and defendant's president,

Mr. Buchanan, the following week at the Brenham Store. At that time, plaintiff was then employed by Swift Chemical Company in Hockley County in the capacity of operational manager.

The ensuing meeting was attended by Schwartz, Buchanan and plaintiff. Plaintiff's duties as assistant manager were discussed by both Mr. Buchanan and Mr. Schwartz; these duties being to wait on customers, to help keep the books, and to make deliveries of liquid feed, fertilizer and feed. In discussing the salary, plaintiff testified Buchanan told him it would be $600.00 per month plus a commission. It is undisputed that the salary of $600.00 was set and agreed upon.

Several days after the meeting, plaintiff called Buchanan and accepted the job. Plaintiff then gave his previous employer two weeks notice and after completing such time, began his employment with defendant on April 29, 1974.

Plaintiff received his stated salary of $600.00 per month, but never received any amount as commissions on the sales of the products from the Brenham Store. During this period, it was undisputed that plaintiff performed his duties in a satisfactory manner. Plaintiff testified that he asked Buchanan about the commission several times. Buchanan replied that he would get it straight or that his C.P.A. had not worked on it yet. Two and a half months later, plaintiff resigned. After terminating his employment with defendant, plaintiff, by letter, requested that his commission be paid. Defendant made no response or reply to plaintiff's demand.

Plaintiff then brought suit against defendant for the amount of his commission due, plus attorney's fees. Defendant answered denying that it was indebted to the plaintiff or that any agreement was ever entered into between defendant and plaintiff in regard to paying plaintiff a commission.

The jury in answer to the special issues found that: 1) there was an agreement between Rangemaster, Inc. (defendant) and William Ray Abel (plaintiff) that Rangemaster, Inc. would pay to Abel, in return for his services, a commission of one percent (1%) of gross sales of the Brenham Store of Rangemaster, Inc.; 2) the amount of $630.76 should be paid to Abel as a result of Rangemaster, Inc. agreeing to pay Abel a commission of one percent (1%) of gross sales from the Brenham Store of Rangemaster, Inc.; 3) Abel presented his claim for services rendered for more than thirty (30) days before filing suit; and 4) that reasonable attorney's fees to be paid for the collection of the amount owed to Abel by Rangemaster, Inc. was $350.00.

The trial court entered judgment for plaintiff in accordance with the jury's answers to the special issues.

The defendant on appeal asserts four points of error by the trial court. In its first two points, it asserts that there was no evidence in the record to support the jury's finding that defendant agreed to pay plaintiff a commission of one percent (1%) of gross sales of the Brenham Store and that the jury's answer was so against the overwhelming preponderance of the evidence as to be manifestly unjust. In its points three and four, defendant asserts that there was no evidence in the record to support the jury's finding that the sum of $630.76 should be paid to plaintiff as a result of the defendant's agreement to pay plaintiff a one percent (1%) commission of gross sales from the Brenham Store and that the jury's answer was so against the overwhelming preponderance of the evidence as to be manifestly unjust and should have been disregarded.

When considering defendant's no evidence points, we are required to review the evidence in the light most favorable to the jury's verdict and disregard all evidence and inferences to the contrary. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965). In considering defendant's "against the great weight" points, we are

required and do consider all the evidence. *In re King's Estate*, supra.

 Plaintiff testified that initially he was offered the job by Mr. Schwartz, who was the store manager. He stated that the plaintiff was to receive a salary of $600.00, plus a commission. The plaintiff testified that the President of the defendant company was a Mr. Buchanan. He stated that Buchanan told him that he would be paid $600.00 per month, plus a commission of one percent (1%) for all that was sold in the store. The proof was that the sales of the store during the time that the plaintiff worked for the defendant company was $63,076.29. The jury's answer to special issue number 2 as to the one percent (1%) commission due the plaintiff was $630.76. Appellant's points of error 1 and 3 concerning no evidence are overruled.

Mr. Buchanan, the President of the appellant store company, offered the plaintiff the job. Plaintiff testified that Mr. Buchanan offered to pay him $600.00 per month, plus a commission of one percent (1%) of all of the sales of the store. Although Mr. Schwartz, the store manager, admitted that plaintiff was to receive a commission, he stated that he did not know the exact amount of the commission to be paid to plaintiff. On cross examination, he could not deny that plaintiff was to receive the one percent (1%) commission. Mr. Buchanan, the store President, did not refute plaintiff's testimony. The appellant argues that the plaintiff could not have received the one percent (1%) commission as assistant store manager since the store manager who received the same salary as the plaintiff ($600.00 per month) only received a one percent (1%) commission on all of the sales of goods over $8,000.00. However, the evidence showed that the store manager, Schwartz, had only worked for a few weeks prior to plaintiff's employment and had only a high school education. The plaintiff on the other hand had graduated from college with a B.S. degree and had specialized in agronomy. We have reviewed and weighed all of the evidence and do not conclude that such evidence in support of the verdict was so against the great weight and preponderance of the evidence so as to be manifestly unjust. The appellant's points of error 2 and 4 are overruled.

The judgment of the trial court is affirmed.