George CHATMAN, Appellant,

v.

TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellee.

No. 6630.

Court of Civil Appeals of Texas, El Paso.

Aug. 10, 1977.

Rehearing Denied Sept. 7, 1977.

**182**

Law Offices of Pat Maloney, Inc., Pat Maloney, Scott Rackey, San Antonio, for appellant.

Groce, Locke & Hebdon, Charles L. Smith, Thomas H. Crofts, Jr., San Antonio, for appellee.

## OPINION

PRESLAR, Chief Justice.

In this workmen's compensation case, the claimant is appealing from a take nothing judgment. The issues on appeal involve the jury's failure to find that the claimant was injured in the course of his employment, that his permanent disability was of short duration, and that there was no permanent partial incapacity. We affirm the judgment of the trial Court.

■ As to each of the three issues mentioned above, Appellant raises "no evidence" points of error. This presents the question of the legal sufficiency of the evidence which we review under the well known rules as set out in *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965). Calvert, " 'No Evidence' and 'Insufficient Evidence,' " 38 Tex.L.Rev. 361 (1960). In addition to the legal sufficiency points of error, Appellant has points of error as to the factual sufficiency of the evidence in regard to each of the three issues involved.

■ With respect to the fact questions of "against the great weight and preponderance of the evidence," including any contention that the evidence is "factually insufficient," we must review and consider the evidence in its entirety. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). The Plaintiff's injuries arose out of an altercation with his crew foreman, and the jury found in response to Issue No. 2 that his injury was not sustained in the course of employment. In connection with the issue, the jury was instructed:

" 'INJURY IN THE COURSE OF EMPLOYMENT' means any injury having to do with and originating in the work, business, trade, or profession of the employer, received by an employee while engaged in

or about the furtherance of the affairs or business of its employer, whether upon the employer's premises or elsewhere.

"In connection with the above and foregoing definition of 'Injury in the Course of Employment' you are further instructed that the term shall not include an injury caused by the employee's willful intention to unlawfully injure some other person."

Tex.Rev.Civ.Stat.Ann. art. 8309, Sec. 1, provides that the term "injury sustained in the course of employment," as used in the Act, shall not include an injury caused by the employee's wilful intention to unlawfully injure some other person. Appellee defended on the basis of this provision of the Statute, and the Court's above quoted instruction tracking the Statute was to enable the jury to determine that question. The evidence as to the altercation between Appellant and his foreman, Carmona, is in dispute. Appellant was working as a roofer and was engaged in scraping gravel from the roof of the Menger Hotel in preparation of reroofing it. His version is that Carmona injured him when he protested being blamed for piling gravel on a weak area of the Menger roof. That lead to some pushing and shoving between the two men, but Carmona testified that that initial disagreement had been abandoned; but later, while he was getting a drink, the Appellant attacked him with a coke bottle and Appellant's injuries resulted from his protecting himself from that attack. This evidence which we have summarized was detailed by the parties, and the jury apparently believed that the Appellant's injury was caused by his wilful intention to unlawfully injure Carmona. There is some evidence to support the finding, and the finding is not against the great weight and preponderance of the evidence.

■ Appellant relies on the rule announced in *Texas Indemnity Ins. Co. v. Cheely*, 232 S.W.2d 124 (Tex.Civ.App.— Amarillo 1950, writ ref'd). It was there held that where an employee is injured in a personal difficulty arising over the manner in which the work of the employer is being done, although the difficulty itself is not a part of the work of the employee, the injured employee is entitled to compensation under the Texas Workmen's Compensation Law. That rule has no application to the case at bar, for the jury was not given the benefit of it. They were not so instructed and were not making their decision based on such law. Appellant's assignment of error in this Court is not that the charge was erroneous; rather, his contention is that the evidence is insufficient to support the jury's finding thereunder. The charge was submitted without objection and the jury has found, and the evidence supports that finding.

■ By Issue No. 3B, the jury found that Appellant's total disability terminated 5½ months after the injury, and by Issue No. 4, it found that the injury was not a producing cause of any partial incapacity. The points of error that these findings are against the great weight and preponderance of the evidence cannot be sustained. Appellant alleged fractured ribs and injuries to his back. There is evidence that the ribs healed satisfactorily; that by December 19th following the October injury, the Plaintiff's rib injuries were healed. Appellant had a long history of back trouble, and the evidence concerning it and its possible aggravation by the October injury is lengthy. The Appellant's doctor at one point testified that such aggravation lasted possibly "a few weeks;" that such aggravation lasted for "a while;" and the pain may have lasted for "quite some time." Appellant's doctor testified that he should not now do manual labor, but that his condition was such that he should not have been doing manual labor prior to the October incident. He and a radiologist both testified that x-rays taken before and after the incident revealed no differences, except for the fractured ribs. Appellant's doctor declined to give an opinion that the injury of October, 1974, was a producing cause of permanent total incapacity. And, medical evidence is lacking that Appellant's total incapacity endured beyond the April 12, 1975, date found by the jury. The medical evidence is somewhat lengthy; we have

**184**

examined it all, but it would add nothing to the jurisprudence of this State to recite it here. Suffice it to say that from a review under the rules announced, we conclude that the jury's answers to questions 3B and 4 are supported by some evidence and are not against the great weight and preponderance of the evidence.

The judgment of the trial Court is affirmed.