**CITY OF HOUSTON, Texas, Appellant,**

v.

**Mary Ann DAVILLA, Appellee.**

**No. 17393.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 19, 1979.

Rehearing Denied May 17, 1979.

ered damages sustained as a result of a slip and fall at the City's surplus and salvage warehouse.

On November 11, 1974, appellee went to the City's surplus and salvage warehouse to purchase some books. While scanning the book shelves, she slipped on a patch of oil or grease and fell, fracturing her elbow.

In two points of error the City asserts that there was no evidence or, alternatively, insufficient evidence to support the jury's finding that the oil or grease had been on the warehouse floor for such length of time that it should have been found and cleaned up by a person of ordinary prudence in the exercise of ordinary care before the occurrence in question.

Mrs. Mary Brown, the City's supervisor of the warehouse, testified that she discovered a good sized patch of oil which was located partially in the aisle and partially beneath the book shelves. After making this discovery, Mrs. Brown testified, she sent one of her subordinates to obtain sawdust and rags in order to remove the oil.

When questioned regarding the length of time the oil or grease had been on the floor, Mrs. Brown testified:

"Oh, I don't know. It wasn't too long."

"She (appellee) fell almost immediately after I saw it (the oil) and told him." (the subordinate)

"I had just moved from that position, and I was on the other side of the rack, waiting on customers."

The record is void of any estimate regarding the length of time which elapsed between the discovery of the oil and the appellee's fall.

■ The appellate standard for reviewing a legally insufficient evidence point requires the court to determine whether there is any evidence of probative force to support the jury's finding. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). Only the evidence and inferences tending to support the finding can be considered, and all contrary evidence and inferences must be disregarded. *Garza, supra.*

Robert M. Collie, Jr., City Atty., Dale M. Tingleaf, Asst. City Atty., Houston, for appellant.

Jack E. Stephens, Houston, for appellee.

WARREN, Justice.

The City of Houston (City) appeals from a judgment rendered on a jury verdict wherein Mary Ann Davilla, appellee, recov-

The appellate standard for reviewing a factually insufficient evidence point requires the court to consider and weigh all the evidence in the record to determine whether the jury's verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

Considering the above testimony, it appears that the appellee fell "almost immediately" after the oil had been discovered. A contrary inference arises, however, when the testimony is viewed in light of the actions of Mrs. Brown. After discovering the oil, she discussed the matter with two other customers; she called a subordinate over and proceeded to instruct him to remove the oil; she then walked down the aisle and around to the other side (a distance between 50 and 100 feet) and proceeded to wait on other customers.

When scrutinized in context there is evidence from which the jury could infer that Mrs. Brown had loosely employed the phrase "almost immediately." This inference is crucial, because Mrs. Brown admitted that the pool of oil on the floor constituted a dangerous condition. Given these circumstances it was within the province of the jury to determine whether the oil had been on the floor for such a length of time that it should have been removed by a person of ordinary prudence exercising ordinary care in the same or similar circumstances. The jury could have concluded that under the circumstances Mrs. Brown should have personally cleaned up the foreign substance rather than taking the more time-consuming course of conduct illustrated by her testimony.

We therefore conclude that the evidence supporting the finding is not so weak as to be legally insufficient or so contrary to the great weight of the evidence as to be factually insufficient.

The judgment of the trial court is affirmed.

EVANS and WALLACE, JJ., also sitting.