Raymond Remigio GARZA et al., Petitioners,

v.

Abelina ALVIAR et al., Respondents.

No. A–10749.

Supreme Court of Texas.

Nov. 3, 1965.

Rehearing Denied Dec. 1, 1965.

Lloyd, Lloyd & Dean, Alice, Keys, Russell, Keys & Watson, Corpus Christi, for petitioners.

Perkins, Floyd, Davis & Oden, Alice, for respondents.

WALKER, Justice.

This is a personal injury action in which the trial court rendered judgment on the verdict for the defendants. The Court of Civil Appeals reversed such judgment and remanded the cause for a new trial, because it concluded that the evidence was factually insufficient to support the jury's finding of contributory negligence. 387 S. W.2d 905. In our opinion this question was not raised in the trial court or presented by the plaintiffs' brief in the Court of Civil Appeals.

Linda Alviar, a girl eleven years of age, was crossing Almond Street in Alice, Texas, when she was struck by an automobile owned by Remigio M. Garza and driven by his son, Raymond Garza. Suit was instituted by Linda's father, individually and as next friend for his daughter, against the Garzas to recover damages for her injuries. The jury found that Almond Street had been designated as one-way street for south bound traffic only, and that the accident was proximately caused by the negligence of Raymond Garza in driving north thereon. It also concluded that Raymond was driving at an excessive rate of speed, but refused to find that this was a proximate cause of the accident. All other primary negligence issues were answered favorably to the defendants.

The jury acquitted Linda of any negligence in failing to keep a proper lookout for her own safety and in failing to yield the right of way to the automobile. It also determined that while she was negligent in failing to cross the street at a regular crosswalk, such negligence was not a proximate cause of the accident. In response to Special Issues Nos. 14, 15 and 16, the jury found: (14) that just before the accident Linda ran from immediately behind a soda water truck, and (15) that this was negligence and (16) a proximate cause of the accident. The judgment of the trial court rests upon these three findings.

Plaintiffs went to the Court of Civil Appeals with seven points of error. Points Nos. 1, 2, 3, 4 and 6 were stricken by the intermediate court upon motion of the defendants. Plaintiffs were then granted leave to amend their brief, but no amendment was filed. After further consideration, the Court of Civil Appeals concluded that Point No. 4 challenged the sufficiency of the evidence to support the finding in response to Special Issue No. 15 that Linda was negligent in running from immediately behind the truck just prior to the accident. According to its opinion, the Court of Civil Appeals found "that the evidence is insufficient to support the jury's answer to issue number 15" and on the basis of that holding reversed the judgment of the district court and remanded the cause for a new trial.

■ A statement in a point of error, or in the opinion of one of our intermediate appellate courts, that the evidence is "insufficient" to support a finding by the trier of fact is often troublesome because of its ambiguity. It can mean that the evidence is legally insufficient, i.e., there is no evidence of probative force, to support the finding in question. When that contention is made, a question of law within our jurisdiction as well as that of the Courts of Civil Appeals is presented. In deciding that question, the appellate court must consider only the evidence and the inferences tend-

ing to support the finding and disregard all evidence and inferences to the contrary. If a "no evidence" point is sustained and the proper procedural steps have been taken, the finding under attack may be disregarded entirely and judgment is usually rendered for the appellant unless the interests of justice require another trial.

■ On the other hand, an assertion that the evidence is "insufficient" to support a finding of fact can mean that the evidence is factually insufficient, i.e., the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the finding should be set aside and a new trial ordered. When that contention is made at the appellate level, a question within the peculiar and conclusive factual jurisdiction of the Courts of Civil Appeals is presented. The intermediate court is required to consider all of the evidence in deciding the question. If the contention is sustained, the finding under attack may be set aside and a new trial ordered. Factual insufficiency of the evidence does not, however, authorize the court to disregard the finding entirely or make a contrary finding in entering final judgment for one of the parties. See Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.Law Rev. 359; Garwood, The Question of Insufficient Evidence on Appeal, 30 Tex.Law Rev. 803; Gulf, C. & S. F. Ry. Co. v. Deen, 158 Tex. 466, 312 S.W.2d 933, 159 Tex. 238, 317 S.W.2d 913; In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

■ Unless the context shows that the words were used in a different sense, references to the insufficiency of the evidence are usually construed to mean factual insufficiency. We are satisfied that this is the meaning attributed to plaintiffs' Point No. 4 by the Court of Civil Appeals in the present case. The court stated that it had considered all of the evidence in passing on the point. It also remanded the cause for a new trial and said nothing to indicate that this was done in the interest of justice. In

their answer to the application for writ of error, plaintiffs tacitly recognize that the Court of Civil Appeals was exercising its factual jurisdiction, for they insist that the Supreme Court is without power to review the ruling of the intermediate court on the sufficiency of the evidence. It is true that we have no jurisdiction to review the holding that the evidence is factually insufficient to support the answer to Special Issue No. 15, but we are authorized to determine whether the jurisdiction of the Court of Civil Appeals to decide that question was properly invoked.

Point No. 4 urged by plaintiffs in the Court of Civil Appeals reads as follows:

"The error of the trial court in overruling and in not sustaining plaintiffs' motion to disregard the jury's findings with respect to certain special issues."

This and four other points were grouped in their brief, and the statement thereunder contains a rather full resumé of the evidence. In the course of the argument, plaintiffs took the position that Special Issues Nos. 14, 15 and 16 are evidentiary and should not have been submitted, and that the affirmative answers thereto will not support a judgment for the defendants. It was also pointed out that they had filed their motion to disregard the answers to these three issues because "there was insufficient support in the evidence to warrant the submission of such issues to the jury." This is the only reference in the brief to the sufficiency of the evidence to support the answer to Special Issue No. 15.

As the basis for Point No. 4, plaintiffs referred in their brief to Paragraph V of the amended motion for new trial, which reads as follows:

"The court erred in overruling Plaintiffs' motion to disregard the jury's findings with respect to certain special issues, a copy of Plaintiffs' motion to disregard the jury's findings with respect to certain special issues being at-tached hereto and made a part hereof for all purposes."

■ An assignment in these terms is too general to require or justify consideration of a point of error based thereon. Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887. Even if that were not the case, the assignment of error as well as Point No. 4 and the argument thereunder are directed at the action of the trial court in overruling plaintiffs' motion to disregard the jury's findings. Under the provisions of Rule 301, Texas Rules of Civil Procedure, the trial court is authorized, upon motion and notice, to "disregard any Special Issue Jury Finding that has no support in the evidence." The court may not, however, properly refuse to submit an issue or disregard the jury's answer thereto merely because the evidence is factually insufficient to support the same.

■ A contention that an issue should not have been submitted, or that a finding of the jury should be disregarded, because of the insufficiency of the evidence is subject to only one construction. It can mean only that there is no evidence to warrant submission of the issue or support the jury's finding. See McDonald v. New York Central Mutual Fire Ins. Co., Tex.Sup., 380 S.W.2d 545. Many contentions are presented by the assignment and point of error quoted above if we overlook their generality and consider plaintiffs' motion to disregard, but they do not raise any question as to the factual sufficiency of the evidence to support the answer to Special Issue No. 15. The judgment of the trial court should not have been reversed on that ground.

■ We have examined plaintiffs' other points of error in the Court of Civil Appeals. Several are not supported by proper assignments of error in the motion for new trial, and it was for this reason that the court sustained defendants' motion to strike. The remainder of such points, if sustained, would require that the judgment of the trial court be reversed and rendered or modified

and affirmed. These questions cannot be considered by us, because they have not been brought here by application for writ of error. See Calvert, Some Problems of Supreme Court Review, 21 Tex.Bar Jour. 75.

The judgment of the Court of Civil Appeals is reversed, and that of the trial court is affirmed.