Erasmo **LOPEZ**, Appellant,

v.

Martin **GARZA** et al., Appellees.

No. 14645.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 3, 1968.

Rehearing Denied Jan. 31, 1968.

Pope & Pope, Rio Grande City, for appellant.

Frank R. Nye, Jr., Alex W. Gabert, Rio Grande City, for appellees.

BARROW, Chief Justice.

Appellant, Erasmo Lopez, brought this suit against appellees, Martin Garza and his four adult children, to recover on an open account for materials used in the construction of an addition to a variety store owned by appellees in Rio Grande City, Texas. The issue in dispute is the amount of ready-mix concrete furnished to appellees by appellant. A take-nothing judgment was entered after a non-jury trial.

The trial court found that "Lopez failed to establish by a preponderance of the evidence the essential elements of Plaintiff's ground of recovery involving the claim that on or about the 24th day of June, 1966, Plaintiff furnished 83 yards of ready-mix, 27 yards of sand and 6 yards of re-mix to Defendant for which he was not paid by Defendant." Appellant urges that there is no evidence or insufficient evidence to support this finding, and that the court disregarded the greater weight and preponderance of the evidence. He also urges that the court erred in permitting the appellee Garza, Jr., to testify as to the amount of concrete used in this construction, as his testimony was based on hearsay.

Four witnesses testified in this suit. In April, 1966, appellees commenced construction of an addition to their variety store. Appellant leveled their lot and agreed to furnish the ready-mix needed in this construction for $14.00 a cubic yard, as well as other building materials. It is undisputed that appellees have paid appellant a total of $2,200.00. It is also undisputed that $140.00 was owed for the fill sand and re-mix furnished to this job. It cannot be said, after an examination of this record under the "no evidence" test [1] that appellant has conclusively shown that he is entitled to recover for 81 cubic yards of ready-mix as urged by him. On the other hand, the evidence conclusively shows that appellant has not been paid for all the ready-mix furnished to appellees.

Appellant testified that he had furnished 196 cubic yards of ready-mix. He did not claim that any delivery records were kept, and his testimony was based on mathematical calculations made by him from the dimensions of the two slabs, walls and concrete columns. Included in his calculation is a shrinkage figure of 20% which he testified was normally used in construction work. Appellant testified that he billed appellees for 196 yards of ready-mix, although the invoices furnished to appellees by appellant appear to total 231 yards.

Appellee Martin Garza, Jr., testified that he determined the amount of concrete necessary for this construction by measurements made of the slab and walls after they were poured. He furnished these dimensions to an "expert" who told him how to compute the cubic yards of ready-mix necessary to fill same. From these calculations he determined that 133 and 23/27 yards were used, and he added an additional five yards for tolerance and because he was unable to determine the amount used in construction of the columns. He admittedly knew nothing about shrinkage of concrete and did not allow any percentage for same. Appellees called as their witness Pablo Pena, who was an experienced builder, and he testified that from 10 to 20 per cent should be allowed for shrinkage, "at least 10%." On cross-examination, he testified that he had measured the addition at the request of appellant and that in his opinion 166 cubic yards of ready-mix were necessary for this construction plus an additional 10% for shrinkage.

Mr. Jose Molina, although the contractor on at least part of the job, was not called by either party. Appellees did call Jesus Prochavez, a bricklayer who had worked on this job for Mr. Molina, to testify as to some of the dimensions of the building. He also said that during the construction one of the forms gave

1. Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup.1965).

way and about two yards of concrete poured out. Appellant testified that at least seven yards were lost when this form broke.

This record established that when a minimum shrinkage of 10% is applied to the minimum amount of ready-mix necessary for the job appellant was not paid for all the ready-mix delivered by him irrespective of the amount lost when the form gave way. There is evidence to support the trial court's finding that appellant had not established that he was owed for material in the amounts alleged by him; however, the trial court improperly concluded that appellees therefore were entitled to a take-nothing judgment. Judgment should properly have been entered for at least such minimum amount to which appellant was entitled over the amount of $2,200.00 paid by appellees.

The judgment of the trial court is reversed and the cause remanded.