J. O. DOAN, Appellant,

v.

Jerry DYER, d/b/a Bedias Feed Store,
Appellee.

No. 15881.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

March 23, 1972.

Rehearing Denied April 20, 1972.

———————◆———————

Davis, Davis, Hornbuckle & Durham,
William L. Durham, Charles S. Davis,
Huntsville, for appellant.

W. T. Bennett, Huntsville, Jack Haney,
Huntsville, of counsel, for appellee.

PEDEN, Justice.

Suit on a sworn account. Defendant
filed a verified denial. In his appeal from
judgment entered after a non-jury trial,
the defendant's only point of error is that
the trial court erred in rendering judgment
for the plaintiff because there is no com-
petent evidence of delivery of each and
every item listed in the plaintiff's invoices.

Since the trial court made neither
findings of fact nor conclusions of law and
apparently was not requested to do so, we
must presume that every disputed fact issue
was resolved in favor of the winning party
and must consider only the evidence which
supports the judgment. North East Texas
Motor Lines v. Dickson, 219 S.W.2d 795
(Tex.1949).

In deciding the only question before
us, whether there was any evidence of
delivery, the rule is, again, that the appellate
court must consider only the evidence and
the inferences tending to support the (pre-
sumed) finding and disregard all evidence
and inferences to the contrary. Garza v.
Alviar, 395 S.W.2d 821 (Tex.1965).

We briefly review the evidence on
that basis. The plaintiff, Mr. Dyer, testi-

fied first. He operates the Bedias Feed Store, which he and his wife own. He works there full-time, as do employees Barnell Stewart and Clay Richardson, who do the loading and delivery of feed, fertilizer and seed. His wife, Mrs. Joyce Dyer, works after school hours and on week-ends and holidays. His mother, Mrs. J. K. Dyer, helps when needed.

When an order is received it is written out on their invoice machine. He is acquainted with the defendant, Mr. Doan, and has done business with him for about three years.

In September, 1969 Doan was buying feed or other merchandise and always owed a balance. At the end of September of 1969 he owed for two months' purchases.

Dyer was shown a number of tickets (or invoices) of Bedias Feed Store each showing items billed to Doan. Each ticket showed the date, customer's name, an itemized list of the material sold and the amount of the sale. Dyer testified that each ticket was prepared by either himself, his wife or his mother. He testified as to the circumstances under which they were prepared, and they were admitted in evidence as Plaintiff's Exhibits 1 through 9 under the Business Record Act, Art. 3737e, Vernon's Ann. Texas Civil Statutes. Each exhibit consisted of tickets for one month, and they covered the period from September, 1969 through May, 1970.

The balance due is $2,405.93. He said he had discussed Mr. Doan's balance with him on several occasions. At one time it amounted to about $3,300., but he paid some on it and charged some more merchandize, so it came out at the present balance. He discussed the matter with Mr. Doan several times over a period of a number of weeks, but Mr. Doan didn't question that he owed that balance on the account and didn't deny receiving anything listed on the tickets until shortly before suit was filed.

The defendant, Mr. J. O. Doan, was called as an adverse party. He operates a ranch near Bedias where he raises registered polled hereford show and sale cattle. He also owns some pharmacies in Huntsville, Navasota and Trinity, where he works four to five days a week. He usually works in them except on Sundays.

He said he couldn't go through the tickets and find the feed he got and the feed he didn't receive. He didn't know how much feed was given to his cattle during the week days because he is not there. He admitted that he has received a substantial part of the feed billed to him, that he or someone with his authority has ordered that feed from the plaintiff and it was delivered.

Barnell Stewart testified that he works for the plaintiff as a deliveryman. He has delivered feed for the plaintiff to the defendant's place, and has never failed to do so when told to take it by any of the Dyers. He would put the feed in the troughs when he delivered it to the Doan place.

Willie Richardson testified that he also delivers feed for the Dyers to Mr. Doan's place and has never failed to deliver it when asked by the Dyers to do so.

James Rigsby testified that he worked for the defendant for a year after school and on week-ends at the defendant's place. He ordered feed and other goods from the plaintiff for Mr. Doan on his own initiative when the feeders were empty. Barnell and Willie delivered the feed. He couldn't estimate the number of orders he placed. Most of them he placed in person. Every order he placed was delivered.

The appellant complains only of lack of evidence as to delivery, and the invoices admitted under the Business Records Act are evidence that orders for the items in question were received. Appellee, Mr. Dyer, testified that he knew about every order that went out, and that when an order was received he or his wife or his mother would see to the loading of it on trucks for delivery. Appellee's wife testified that when she had caused trucks to be loaded for deliveries to the appellant the trucks had

come back empty, and she has never received a call saying that an order had not been received. Appellee's mother also testified that the Doans never did complain that any of the items were not delivered.

We hold that this evidence plus that of the delivery men is sufficient circumstantial evidence to support a reasonable inference by the trial court that the merchandise was delivered. See University Savings & Loan Assn. v. Security Lumber Co., 423 S.W.2d 287 (Tex.1967).

Affirmed.