**Johnny CHARLES, Jr., Appellant,**

v.

**Ella Scruggs CAMPBELL, Appellee.**

**No. 16264.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

April 11, 1974.

Eddington & Friloux, Warren L. Eddington, Gerald A. Woolf, Houston, for appellant.

Talbert, Giessel & Stone, Alice M. Giessel, Houston, for appellee.

COLEMAN, Chief Justice.

This is an action for damages for personal injuries arising out of an intersectional collision between a school bus driven by the defendant and an automobile in which the plaintiff was riding as a passenger. In answer to special issues the jury found no primary negligence on the part of defendant; negligence which was the sole proximate cause of the occurrence on the part of the driver of the automobile; and zero damages. A take nothing judgment was entered on the verdict. We affirm.

The defendant, Ella Campbell, testified as follows: She was driving approximately 15 miles per hour on Herschelwood. She had been on that street for four or five blocks. Four or five streets cross Herschelwood and they all have yield signs. She noticed the yield sign on Myrtlewood; she knew the yield sign was on the plaintiff's side; she did not look at it definitely and does not know if the sign was turned.

She was in the intersection when she first saw the other vehicle. The other car was traveling at a terrific rate of speed. She checked the intersection before she entered it and would have seen the other car if it had been close enough. She saw the plaintiff's vehicle only a split second before impact; she would estimate the speed at 35 to 40 miles per hour, maybe faster. The point of impact was "right in the middle of the intersection". Her bus ended up about the middle of the block on down Herschelwood.

Nellie Burrell, the driver of the automobile in which the plaintiff was riding, testified as follows: She had picked up her uncle, the plaintiff, at his home on Myrtlewood and was headed east. When she first saw the bus it was almost in the middle of the intersection. She was traveling at about 30 to 35 miles per hour and was about two car lengths from the intersection when she first saw the bus. The front part of her car hit the side of the bus. The yield sign was facing the bus, so she thought she had the right of way; this is why she did not stop.

Officer M. E. Clark investigated the accident. He testified that Herschelwood Street is approximately 26 feet wide and Myrtlewood is approximately 28 feet wide. The automobile had entered the intersection about 5 feet when it made contact with the bus. The point of impact was about 17 feet from the north curb of Myrtlewood. The bus was struck around the gas tank, a good distance behind the door, in the middle. When the bus was struck, the front end had penetrated the intersection approximately 28 feet. The front part of the bus would have completely gone through the intersection.

The evidence is uniform that the yield sign should have been facing the vehicle in which the plaintiff was riding, but that it was not faced in that direction. The evidence is conflicting as to whether the front of the sign was facing toward defendant, opposite defendant or at an angle. The evidence with reference to the yield sign is not crucial on the question of right of way. There is no pleading or evidence to show by what authority the sign was erected. Judicial notice is not taken of municipal ordinances. Yellow Cab & Baggage Co., Inc. v. Mason, Tex.Civ.App., 266 S.W.2d 463, reversed on other grounds, Mason v. Yellow Cab & Baggage Co., Inc., 153 Tex. 344, 269 S.W.2d 329 (1954).

All of the points of error on which appellant relies begin:

"The trial court erred in failing to disregard the jury's answer to Special Issue . . ."

These are no evidence points. A trial court is authorized on motion and notice to disregard any special issue jury finding that has no support in the evidence, but the court may not properly refuse to submit an issue or disregard the jury's answer thereto merely because the evidence is factually insufficient to support the same. Garza v. Alviar, 395 S.W.2d 821 (Tex.1965).

Each of the assignments in the appellant's motion for new trial begins as follows:

"The finding of the jury in response to Special Issue No. —— is contrary to and not supported by the evidence, in that the undisputed evidence showed . . ."

A statement to the effect that the undisputed evidence establishes the existence of a fact asserts that there is no evidence to the contrary and is a no evidence assignment. Royal Indemnity Co. v. Hume, 477 S.W.2d 683 (Tex.Civ.App.—San Antonio 1972, n. w. h.).

It is the duty of this court, therefore, to consider only the evidence and inferences therefrom favorable to the jury verdict. There is evidence of probative value sufficient to support the answers made by the jury to each of the challenged special issues.

The court of civil appeals has no jurisdiction to consider insufficient evidence points nor to determine any question as to the great weight and preponderance of the evidence where the motion for new trial does not assert that the evidence supporting the jury's answer to any specific issue was either insufficient or against the great weight of the credible evidence. Darryl v. Ford Motor Co., 440 S.W.2d 630 (Tex.1969).

The judgment is affirmed.