Arnold FARBER, Appellant,

v.

FEDERAL DEPOSIT INSURANCE COR-PORATION, Liquidator of the Northeast Bank of Houston, Texas, Appellee.

No. A2132.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 14, 1979.

Donald G. Ritter, Houston, for appellant.

William A. Abernathy, Meredith, Donnell & Edmonds, Corpus Christi, for appellee.

Before BROWN, C. J., and MILLER and PRESSLER, JJ.

J. CURTISS BROWN, Chief Justice.

This is an appeal from a suit on a note by the Federal Deposit Insurance Corporation, Liquidator of the Northeast Bank of Houston (appellee or FDIC) against Arnold Farber (appellant). Trial was to the court which rendered judgment in favor of appellee for the full amount of the deficiency balance owing on the note along with attorney's fees and interest. Farber appeals on the grounds that there is "no evidence" to support the trial court's implied findings of fact or, alternatively, that the trial court's findings were against the great weight and preponderance of the evidence.

Appellant executed a promissory note to the Northeast Bank of Houston in 1973. The payment of the note was secured by a lien on a ten acre tract of land owned by appellant. As Liquidator of Northeast Bank, appellee became the holder of the note. Joseph Ford, an employee of the FDIC, inquired as to when Farber would pay the balance due on the note, which had become delinquent. Appellant replied that he was in the process of selling the ten acre tract of land in order to pay off the debt. John Patterson, a liquidator for the FDIC, in a letter to Farber, agreed to Farber's proposal to sell the property. After the net proceeds from the sale were applied to the indebtedness, a balance of $3,345.83 remained. Apparently thinking that the FDIC had agreed to a negotiated settlement of the note, Farber requested that the note be sent to him stamped "paid in full." Ford responded that the FDIC did not make such an agreement. Thereafter, appellee sued Farber to collect the balance owing on the note.

Since findings of fact or conclusions of law were neither requested nor filed, it must be presumed on appeal that the trial court made such implied findings as were

necessary to support the judgment. *Morris v. Texas Elks Crippled Children's Hospital, Inc.*, 525 S.W.2d 874 (Tex.Civ.App.-El Paso 1975, writ ref'd n.r.e.). It is these implied findings that appellant complains of on appeal. Specifically, appellant urges that there was no evidence to support the trial court's implied finding that there was a deficiency balance due and owing on the note.

 In determining whether there is no evidence to support a fact finding, we must consider only the evidence and inferences which tend to support the findings and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.Sup.1965).

Appellant contends that there had been a compromise agreement made whereby the payment of the net proceeds from the sale of the property would constitute full satisfaction of the indebtedness. During their discussions, Farber had asked Ford about a negotiated settlement. Ford replied that this was usually not done but that he would check with his superiors about it. As noted previously, Patterson had sent Farber a letter stating that Farber's proposal to sell the property was acceptable. Furthermore, a release of lien on the property was executed by the FDIC which recited that the release was given "for and in consideration of full and final payment of all indebtedness secured by the aforesaid lien. . . ." Appellant claims that the recital in the lien and the letter from the FDIC makes a prima facie case of a negotiated settlement and that there was no probative evidence to rebut this argument.

While we agree with appellant that there is evidence in the record to support a judgment for him, there is other evidence in the record to rebut the recital and to support the court's implied finding. Mr. Ford testified that he had no authority to make a compromise settlement and that he never in fact agreed to such a settlement with appellant. Ford testified that the letter was written and the release was given only to allow the property to be sold free and clear to a third party. There was never any other communication from the FDIC to Farber indicating that the debt would be compromised.

Whether there had been a compromise settlement between the parties was a question of fact. Since there is sufficient evidence in the record to support the trial court's implied finding, we must overrule appellant's no evidence point of error.

Appellant also complains that the trial court's implied finding that there was a deficiency balance was against the great weight and preponderance of the evidence. In deciding whether a finding is against the great weight and preponderance of the evidence, we must consider all of the evidence in the record. As discussed above, there is sufficient evidence, even when all of the evidence is considered, that a compromise agreement between appellant and appellee had not been entered into. While Farber probably believed that such an agreement had been made with the FDIC, there is also other evidence in the record supporting a different conclusion.

From a review of the entire record we cannot say that there is no evidence to support the trial court's implied findings or that such findings are against the great weight and preponderance of the evidence.

The judgment of the trial court is affirmed.

Affirmed.