UNITED STATES FIRE INSURANCE COMPANY, Appellant,

v.

James D. BIGGS, Appellee.

No. 9114.

Court of Civil Appeals of Texas, Amarillo.

March 31, 1981.

Stokes, Carnahan & Fields, Gary W. Barnard, Amarillo, for appellant.

Robinson & Fotheringham, E. Wayne Campbell, Amarillo, for appellee.

REYNOLDS, Chief Justice.

James D. Biggs, employed as a part-time law clerk by and in the law office of attorney Tom Upchurch, Jr., received injuries while performing a task personal to John Lesly, a salaried attorney in Upchurch's office. In the trial court, Biggs recovered workers' compensation benefits and medical expenses from United States Fire Insurance Company for his injuries, which the jury found were sustained in the course of employment. On appeal, we agreed with the insurance company's contention that there is no evidence to support the jury's finding that Biggs was injured in the course of employment, reversed the trial court's judgment and rendered a take-nothing judgment. *United States Fire Ins. Co. v. Biggs*, 601 S.W.2d 132 (Tex.Civ.App.—Amarillo 1980, writ granted). The Supreme Court reversed our judgment, holding there is some evidence that, at the time of his injuries, Biggs remained in the scope of his employment through Lesly's "temporary direction" under apparent authority from Upchurch. The cause was remanded for our determination of the insurance company's point of error that the evidence is factually insufficient to support the jury's finding that Biggs was injured in the course of employment. *Biggs v. United States Fire Ins. Co.*, 611 S.W.2d 624 (Tex. 1981); 24 Tex.Sup.Ct.J. 204 (Jan. 28, 1981). We now overrule the point and affirm.

Given the application of the "temporary direction" exception to the general rule we followed in holding that Biggs was not injured in the course of employment, we are required by the insurance company's point of error to determine whether the evidence of Lesly's apparent authority from Upchurch to use Biggs for personal errands, including the one during which Biggs was injured, is so weak, or the evidence to the contrary is so overwhelming, that the jury's finding should be set aside. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). In making the determination, we must consider and weigh all of the evidence. *Id.*

█ The evidence on apparent authority is adequately detailed in the former opinions and it need not be repeated here. Suffice it to state that the evidence, being conflicting and contradictory, was, in the words of the Supreme Court, "sharply disputed." 611 S.W.2d at 626; 24 Tex.Sup. Ct.J. at 205 (Jan. 28, 1981). With the evidence in this state, the jury became the exclusive judges of the credibility of the witnesses and the weight to be given their testimony, being privileged, in resolving the conflicts and contradictions, to believe all or part or none of the testimony of any one witness in arriving at the finding it concluded was the most reasonable under the evidence. *Bullard v. Universal Underwrit-*

ers Ins. Co., 609 S.W.2d 621, 625 (Tex.Civ. App.—Amarillo 1980, no writ). Thus, by virtue of the sharply disputed evidence adduced and the jury's role, we are not authorized to substitute our judgment for that of the jury, even though we might have reached a different factual conclusion from the evidence. *Continental Bus System, Inc. v. Biggers*, 322 S.W.2d 1, 4 (Tex.Civ.App.— Houston 1959, writ ref'd n. r. e.). Accordingly, we cannot say that the evidence is factually insufficient to support the jury's finding that Biggs sustained injuries in the course of employment.

The judgment of the trial court is affirmed.