**J.M. CARSON, Appellant,**

v.

**Marvella KEE, Tammy Kee and Brenda Kee, Appellees.**

**No. 2–84–063–CV.**

Court of Appeals of Texas, Fort Worth.

Oct. 3, 1984.

Frank S. Wright and Kevin J. Clancy, Dallas, for appellant.

William G. Paul, Wichita Falls, for appellees.

Before FENDER, C.J., and HUGHES and JORDAN, JJ.

## OPINION

FENDER, Chief Justice.

This is an appeal from a decision of the jury below that appellant and appellee Marvella Kee (hereinafter appellee) entered into a common law marriage in January, 1975. Appellant's only point of error is that the jury's decision was against the great weight of the evidence.

The decision below is affirmed.

The background facts show that appellant and appellee began dating in 1970, and in 1971 appellant moved in with appellee. Appellant bought a farm in 1973 and the parties moved there in 1974. They lived there together until 1981, when appellant brought an action to enjoin appellee and her two children, Tammy Kee and Brenda Kee, from remaining in the house. The appellee countered with her own suit for divorce, and the two actions were consolidated. The parties admitted to having a sexual relationship during this time.

██ Where the challenge to a jury finding is framed as an "insufficient evidence" point, we are to consider all the evidence in the case, both that in support of, and that contrary to, the finding to determine if the challenged finding is so against the great weight and preponderance of the evidence as to be manifestly erroneous or unjust. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965). If the court so determines, the finding should be set aside and a new trial ordered. *Id.*

██ In considering an "insufficient evidence" point, we must remain cognizant of the fact that it is for the jury, as the trier of fact, to judge the credibility of the witnesses, to assign the weight to be given their testimony, and to resolve any conflicts or inconsistencies in the testimony. *Taylor v. Lewis*, 553 S.W.2d 153, 161 (Tex. Civ.App.—Amarillo 1977, writ ref'd n.r.e.). This court may not substitute its judgment for that of the jury if the challenged finding is supported by some evidence of probative value and is not against the great weight and preponderance of the evidence. *Alford, Meroney & Co. v. Rowe*, 619 S.W.2d 210, 213 (Tex.Civ.App.—Amarillo 1981, writ ref'd n.r.e.).

There are three necessary elements to a common law marriage: (1) present agreement to be husband and wife, (2) living together as husband and wife, and (3) holding each other out to the public as such. TEX.FAM.CODE ANN. sec. 1.91(a)(2) (Vernon 1975). The agreement to be husband and wife may be implied and need not be express, and such an agreement may be inferred from the evidence establishing the other parts of a common law marriage. TEX.FAM.CODE ANN. sec. 1.91(b) (Vernon 1975). There is no dispute that appellant and appellee lived together as man and wife for a number of years. The question on this appeal is whether there was enough evidence for the jury to find that the parties held themselves out to the public as man and wife, and if so, whether an agreement to marry could be inferred from that.

The evidence supporting the jury's verdict reveals that appellant had introduced appellee to his friends as his wife on several occasions; that appellee's sister had introduced appellant as her brother-in-law for hospital visitation purposes; that appellee and appellant were introduced to third parties as Mr. & Mrs. Carson; that appellee represented herself in appellant's presence as appellant's wife to a police officer, to drive appellant's car home; that appellant said "I have the best wife in town," after receiving a birthday gift from appellee; and that appellant asked a government official whether his wife could possess firearms.

The evidence in support of appellant's position suggests that the parties never agreed to marry; that appellee knew appellant had no intention of marrying her; that appellant and appellee did not hold themselves out to family, friends or business associates as married; and that appellee continued to use her own name and had a separate bank account in her own name throughout the period that they lived together.

While a review of the evidence shows that it is contradictory and far from conclusive (the jury heard testimony from more than 30 witnesses, including appellant and appellee), we hold that the jury's decision that the parties represented to others that they were married is not against the great weight of the evidence. It was the jury's prerogative to compare and judge the probative value of such evidence. Appellant's point of error is overruled.

The judgment below is affirmed.