**William BLACKWOOD, Appellant,**

v.

**TOM BENSON CHEVROLET COMPANY, INC., Appellee.**

No. 04–83–00558–CV.

Court of Appeals of Texas, San Antonio.

Dec. 24, 1985.

Rehearing Denied Jan. 20, 1986.

Michael Putman, San Antonio, for appellant.

Carl Robin Teague, San Antonio, for appellee.

Before CADENA, C.J., and ESQUIVEL and DIAL, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a judgment in a suit for damages based on negligence and the Deceptive Trade Practices Act.[1]

Appellant William Blackwood (Blackwood) sued appellee Tom Benson Chevrolet, Inc. (Benson) for damages sustained as the result of alleged negligent repair of his truck by Benson and for breach of warranty under the Act. In a bench trial, the court awarded Blackwood damages in the amount of $1,832.85 based on its finding that Blackwood's damages, which represented the cost of parts and labor and loss of use of the truck, were proximately caused by the negligence of Benson in repairing the truck. The trial court refused to grant relief under the Act and denied Blackwood's request for treble damages and attorney's fees as permitted by the Act. Blackwood complains in this appeal of the court's refusal to award him treble damages and attorney's fees. Benson, in a single cross-point, complains of the factual sufficiency of the evidence to support the court's finding that Benson was negligent in failing to properly replace the timing chain.

■ We will first consider Benson's "insufficient evidence" cross-point. We will be guided therein by the well-established rule that we are to consider all the evidence in the case, both in support of and

that contrary to the finding, to determine if the challenged finding is so against the weight and preponderance of the evidence as to be manifestly erroneous or unjust. *See Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). Further, we must remain cognizant of the fact that it is for the court, as the trier of fact, to judge the credibility of the witnesses, to assign the weight to be given their testimony, and to resolve any conflicts or inconsistencies in the testimony. *See Taylor v. Lewis,* 553 S.W.2d 153, 161 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.). Even though reasonable minds could differ about the conclusions to be drawn from the evidence we may not substitute our judgment for that of the trier of fact if the challenged finding is supported by some evidence of probative value and is not against the great weight and preponderance of the evidence. *See Alford, Meroney & Co. v. Rowe,* 619 S.W.2d 210, 213 (Tex.Civ.App.—Amarillo 1981, writ ref'd n.r.e.); *Ford Motor Co. v. Nowak,* 638 S.W.2d 582, 585 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.)

■ Accordingly, we set out the evidence as follows. Blackwood's truck, which he had purchased from Benson in June 1979, was stolen in August 1979. The truck was recovered by the police in a damaged condition and it was determined by Benson and Blackwood's insurance carrier that, as a result of the theft, the truck needed a "valve job." Benson agreed to do the "valve job," and on September 27, 1979, the truck was returned to Blackwood as repaired. On October 3, 1979, Blackwood returned the truck to Benson with a complaint that the truck was overheating. Benson repaired the vehicle by replacing the heater hoses and coolant and delivered the truck to Blackwood. On October 16, 1979, the truck was again returned to Benson by Blackwood with the complaint that it was losing power. It was determined that the intake portion of the pistons and valves in the engine were dam-

---

1. All references to "the Deceptive Trade Practices Act" or "the Act" are in reference to Deceptive Trade Practices—Consumer Protection Act,

TEX.BUS. & COM.CODE ANN. § 17.41 et seq. (Vernon Supp.1986).

aged, and it is undisputed that the damage was caused by the improper timing of the engine. Benson refused to repair the truck, and this suit for damages arose.

At trial it was undisputed that the "valve job" performed by Benson followed all the necessary "tearing down" procedures and all of the necessary repair procedures. There also was no dispute that the faulty timing of the engine was caused by the timing chain; the dispute arose, however, as to why the timing chain caused the faulty timing of the engine. Blackwood contended and his evidence so showed that when the engine was reassembled, after the repairs had been completed, the timing chain was improperly replaced. Benson contended, and its evidence so showed, that the timing chain had become stretched due to normal wear and tear after the "valve job." The trial court resolved the dispute in favor of Blackwood and found that Benson "after doing such repair work failed to properly replace the timing chain" and that such failure was negligence and such negligence was the proximate cause of Blackwood's damages.

Based upon this evidence, we hold that the trial court's finding of negligence was not so contrary to the weight and preponderance of the evidence as to be clearly wrong and unjust. Appellee's cross-point is overruled.

All of Blackwood's points of error are dispositive upon the determination by this court as to whether there was a breach of warranty under the Act by Benson.

We are of the opinion that Blackwood's evidence established the existence of a written warranty and a breach by Benson that the provisions of the Act concerning treble damages and attorney's fees applied.

■■■ During trial, plaintiff's exhibit two was introduced into evidence without objection. Plaintiff's exhibit two is a receipt dated September 27, 1979, from Benson to Blackwood evidencing payment by Blackwood of the charges for the repairs listed thereon, which included the "valve job." On the upper right-hand corner of the face of plaintiff's exhibit two, in bold print, is the phrase, "All work guaranteed for 90 days or 4,000 miles, whichever comes first." We construe this phrase to be an express warranty. Blackwood established that the repairs failed during the warranty period. We conclude, therefore, that Blackwood established the existence of a warranty and a breach thereof by Benson. Having done so, under the Act he is entitled to treble damages and attorney's fees; accordingly we hold that the trial court erred in refusing to grant Blackwood damages under the Act.

The judgment of the trial court awarding Blackwood damages in the amount of $1,832.85 is reversed and judgment is hereby rendered in favor of Blackwood in the amount of $3,832.85 with interest thereon at the rate of nine percent (9%) per annum from August 25, 1983. Further, the judgment of the trial court insofar as it relates to denying Blackwood his attorney's fees is reversed, and the cause is remanded to the trial court for a new trial on the question of attorney's fees only.