**Tom W. PENA, Appellant,**

v.

**Russell SELL, Appellee.**

**Tom W. PENA, Appellant,**

v.

**WORLDWIDE STARR RESOURCES, INC. d/b/a Starr Resources, Inc., Appellee.**

Nos. 07–88–0146–CV, 07–88–0147–CV.

Court of Appeals of Texas, Amarillo.

Nov. 10, 1988.

Lovell & Lyle, J.R. Lovell and Cynthia A. Quetsch, Dumas, for appellant.

Gene E. Steed, Perryton, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

BOYD, Justice.

In these companion cases, appellant Tom Pena appeals from an order of the trial court appointing Charles Pride as receiver of the Sell # 1–1089 well located upon the East One-half of Section 1089, Block 43, H & TC RR Co. Survey, in Ochiltree County. In cause number 07–88–0146–CV, appellant says the trial court erred in appointing the receiver because (1) the motion requesting relief was moot; (2) the evidence did not show appellee Russell Sell (Sell) was entitled to such relief; (3) there was no evidence or insufficient evidence to support the trial court's finding that the property or proceeds to be derived therefrom were in danger of being lost, removed or materially injured unless a receiver be appointed; (4) the remedy of appointing a receiver was excessive in light of the relief sought in the

underlying motion; and (5) there was no evidence that the receiver appointed met the statutory requirements to act as such receiver.

In cause number 07–88–0147–CV, appellant says the appointment was error because (1) there were no pleadings requesting that relief; (2) appellee Worldwide Starr Resources (Starr) lacked standing to request the appointment of a receiver because it did not own any interest in the well; (3) there was no evidence or insufficient evidence to support the trial court's finding that Starr has at least a probable interest in the oil and gas lease covering the well; (4) there was no evidence or insufficient evidence to support the trial court's finding that Starr's alleged interest was in danger of being lost, removed or materially injured; and (5) there was no evidence to show that the appointed receiver met the statutory requirements.

Since they are dispositive of these interlocutory appeals, we will proceed directly to consider the fifth point of asserted error in each case. In these points, it is asserted that there is no evidence that the receiver appointed met the statutory requirements for such appointment. Parenthetically, we note that these cases were consolidated for hearing and the evidence relative to the appointment of a receiver in both cases is the same.

Texas Civil Practice and Remedies Code Annotated section 64.021(a)(1) (Vernon 1986) requires, inter alia, that to be appointed as a receiver for property located entirely or partly in this state, a person must be "a citizen and qualified voter of this state at the time of appointment." Section 64.021(b) provides that the appointment of a receiver who is disqualified under subsection (a)(1) of the statute is void as to property in this state.

■ A "no evidence" point raises a question of law and this Court's consideration of the evidence is limited to that favorable to the finding in question, giving effect to all reasonable inferences that may properly be drawn therefrom and disregarding all conflicting evidence. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965).

■ The only evidence bearing upon Mr. Pride's qualifications is his own testimony. In that testimony, as relevant to the question now before us, he testified that he resided in Perryton. He got out of "the service" in 1954 and went to work for the Shamrock Oil and Gas Corporation in 1956 as a pumper and completion man in Liberal, Kansas. He worked for Shamrock for six years until he went to work for Ford Tool (now Kencope Energy) as a production superintendent until about two years prior to the time of the instant hearing. Since that time, he had been doing individual work himself "doing completion on wells here and around Perryton." He said he was a disinterested person, could make bond, had never been convicted of a felony, never had any legal problems or "that sort of thing" and knew of no reason why he would be disqualified to serve as a receiver. However, the record shows Pride was never informed as to the legal qualifications necessary to be appointed as a receiver.

The term "qualified voter" is not defined in the Civil Practice and Remedies Code. Neither party has furnished any case construction of that term and, after independent research, we have found no Texas authority construing that term used in the Code. In such instances, we are instructed in Title Three of the Texas Government Code Annotated (the Code Construction Act) section 311.011 (Vernon 1988) that:

(a) Words and phrases shall be read in context and construed according to the rules of grammar and common usage.

(b) Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly.

In the Texas Election Code Annotated section 11.002 (Vernon Supp.1988), the term "qualified voter" is legislatively defined as a person 18 years of age or older who is a United States citizen, has not been judicially determined to be mentally incompetent or finally convicted of a felony, and is a resident of this State. Moreover, and significantly, as applied to the question be-

fore us, such a person must be a registered voter.

While it might be argued that an individual being a "qualified voter" has very little to do with his ability to serve as a receiver, it is a legislative requirement and we are bound by that legislative decision. We also believe that under the explication of the Code Construction Act, in the absence of other definition in the Civil Practice and Remedies Code, the legislative definition of "qualified voter" in the Election Code is properly applied in interpreting the meaning of that requirement in receivership proceedings. That would, of course, require a receiver to be a registered voter at the time of that receiver's appointment. Our conviction that this is the correct meaning of the term is strengthened by the definition of the term contained in 29 C.J.S. *Elections* section 1(8) (1965) as follows:

> A "qualified voter" is one having the constitutional qualifications for the privilege, who is duly registered pursuant to law, and has the present right to vote at the election being held.

While, arguably, it might be reasonably inferred from Mr. Pride's testimony that he would meet the remainder of the requirements of a "qualified voter," there is nothing in that testimony, directly or inferentially, which would support a conclusion that Mr. Pride was a registered voter at the time of his appointment. That being the case, we must sustain appellant's fifth point in each case. Since that requires a remand, the necessity for discussion of the remainder of appellant's points is obviated.

The trial court's order appointing a receiver in each case is reversed and each cause is remanded to the trial court for further proceedings.