NUMBER 13-99-261-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


SAGEMONT PLAZA SHOPPING 

BY AND THROUGH ITS 

AUTHORIZED AGENT, 

PATRICK O'CONNOR & 

ASSOCIATES, INC.
, Appellant,


v.



HARRIS COUNTY APPRAISAL 

DISTRICT
, Appellee.

___________________________________________________________________


On appeal from the 281st District Court


of Harris County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Yañez

Opinion by Justice Dorsey



 Sagemont Plaza Shopping by and through its authorized agent,
Patrick O'Connor & Associates, Inc. (Sagemont), appeals from a
take-nothing judgment for the Harris County Appraisal District (the
District) in this tax-appraisal case. By five issues Sagemont challenges
the legal and factual sufficiency of the evidence to support the
appraised and assessed value of its property as of January 1, 1998, and
it complains that the trial court erred in failing to make findings of fact
and conclusions of law. We affirm.

 In December, 1996, Sagemont paid $500,000 for a strip shopping
center in Harris County, Texas. The District assessed taxes on the
property for tax years 1997 and 1998 on the basis that the property had
an appraised value of $500,000 on January 1, 1997 and on January 1,
1998. Sagemont protested these valuations to the District; however,
the end result was that the appraised valuation remained at $500,000
for 1997 and 1998. Sagemont sued the District, contending both that
the market value of the property as of January 1, 1997 and January 1,
1998 was below the appraised value of $500,000 and that the property
was not uniformly appraised and was unequally appraised, entitling the
owner to relief for the 1998 tax year pursuant to section 42.26(d) of the
Texas Property Tax Code.

 Section 42.26(d) provides that "The district court shall grant relief
on the ground that a property is appraised unequally if the appraised
value of the property exceeds the median appraised value of a
reasonable number of comparable properties appropriately adjusted." 
Tex. Tax Code Ann. § 42.26(d) (Vernon Supp. 2000).(1)

 At trial Sagemont tried to prove its claim of unequal appraisal for
tax year 1998 through its expert, Patrick O'Connor. He presented
evidence that the median level of appraisal of a reasonable number of
comparable properties after appropriate adjustments was $24.38 per
foot, or translated to the size of the property at issue, an appropriate
appraised value of $323,035. On cross-examination he admitted that
he applied no statistical formula in his calculation of the appropriate
number of sample population size for the median level appraisal
determination.

 The District's expert witness, Joe Polinsky, testified that the
market value of the property for 1997 and 1998 was $500,000. He
based his opinion on the fact that the property was purchased in
December, 1996 for $500,000.

 After hearing the evidence the trial court ruled for the District,
stating in open court that "the purchase price is the most reliable
method for determining property value for 1997 and 1998" and "the
appropriate value for 1997 is $500,000 and for 1998 is $500,000 based
on the purchase price of the property at the time that it was purchased
approximately three weeks before January 1 of 1997. . . ." 

Sufficiency of the Evidence


 By issues two through five Sagemont complains that there is no
evidence or insufficient evidence to support a value of $500,000 for its
property. When considering a "no evidence" or "insufficient evidence"
point of error we will follow the well-established tests set forth in Pool
v. Ford Motor Co., 715 S.W.2d 629 (Tex. 1986); Garza v. Alviar, 395
S.W.2d 821 (Tex. 1965), and Calvert, No Evidence and Insufficient
Evidence Points of Error, 38 Texas L. Rev. 361 (1960).

 The evidence showed that the property was purchased in
December, 1996 for $500,000. The District's expert used this figure to
arrive at the property valuations for 1997 and 1998. Although
Sagemont's expert presented evidence that the property should have an
appraised value of $323,035, he applied no statistical formula in his
calculation of the appropriate number of sample population size for the
median level appraisal determination. The trial court was within its
discretion to believe the District's evidence and disbelieve the testimony
of Sagemont's expert. We hold that the evidence is sufficient to
support the trial court's finding that the valuations of the property for
1997 and 1998 were $500,000. The finding is not so against the great
weight and preponderance of the evidence that it is clearly wrong or
unjust. We overrule issues two through five.

Findings and Conclusions


 By its first issue Sagemont asserts that the trial court erred by not
making findings of fact and conclusions of law. The test for
determining whether a complaining party has suffered harm due to the
court's failure to file findings and conclusions is whether the
circumstances of the case would require the party to have 

to guess the reason or reasons that the trial court has ruled against it. 
Humphrey v. Camelot Retirement Community, 893 S.W.2d 55, 61 (Tex.
App.--Corpus Christi 1994, no writ). In the instant case the trial court
announced its ruling in open court and gave the parties the reason for
its ruling. The circumstances of this case did not require Sagemont to
have to guess the reason or reasons that the trial court has ruled
against it. We overrule issue one.

 We affirm the trial court's judgment.

 J. BONNER DORSEY,

 Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 15th day of June, 2000.

1. This statute became effective on January 1, 1998.