Opinion filed August 31, 2006















 
 
  
 
 







 
 
  
 
 




Opinion filed August 31, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00153-CV 

                                                    __________

 

                            KEY ENERGY SERVICES, INC., Appellant

 

                                                             V.

 

                            TBS
INTERNATIONAL, INC. D/B/A TOOL

                                BRANDING
SERVICE, INC., Appellee

 



 

                                        On
Appeal from the 142nd District Court

 

                                                        Midland County, Texas

 

                                                Trial
Court Cause No. CV-43,371

 



 

                                              M
E M O R A N D U M   O P I N I O N

 








TBS International, Inc. d/b/a Tool Branding
Service, Inc. (TBS) filed suit against Key Energy Services, Inc. (Key) alleging
breach of contract, quantum meruit, and conversion.[1]  The trial court granted Key=s motion for directed verdict on the
claim for conversion.  The jury found against
TBS on its contract claims.  The jury
found in favor of TBS on the issue of quantum meruit and awarded TBS $45,000 in
damages.  The conversion claim was not
submitted to the jury.  Based upon the
jury verdict, the trial court rendered judgment for TBS and awarded $45,000 in
damages, $7,839.18 in prejudgment interest, and $35,000 in attorney=s fees. 
We reverse and render judgment that TBS take nothing on its claim for
quantum meruit and on its claim for attorney=s
fees.

TBS is an asset management company that provides
services primarily for oil-field-related businesses.  TBS affixes a permanent marking of the
letters ATBS@ along with a series of  numbers particular to a specific customer on
the customer=s
equipment to prove ownership and aid in identification in the event of
theft.  TBS also maintains an inventory
list of the customer=s
assets.

In 1997, Key hired TBS to mark and inventory its
equipment.  There was no formal written
contract, only a brochure which contained a description of the services to be
provided by TBS.  Key paid TBS an hourly
fee to mark its equipment and to prepare an inventory of it.  Key also paid TBS a Amonthly
reoccurring cost@ based
upon the number of assets marked and inventoried.  In its brochure, TBS explained the purpose of
the Amonthly
reoccurring cost@ as
follows:

The
fees basically lease the right to use TBS-owned Registered Trademark Codes to
positively identify assets and the ability to network with Law Enforcement
Agencies and Industry Affiliates on a national scale to enhance recovery ratios
and to deter potential losses.  These
monthly fees generate capital that allows TBS to work closely with law
enforcement, offer rewards, travel to auctions and equipment sales, coordinate
and distribute information for industry awareness, maintain software and employ
a quality and reliable staff.

 

The evidence showed that, when the relationship was terminated by
Key, Key was paying TBS a reoccurring fee of $10,882.50 per month.  The record shows that, at the time Key
terminated its relationship with TBS, Key had paid TBS in excess of $600,000.

Key terminated its relationship with TBS effective
August 1, 2000.  Key did not pay the
monthly reoccurring fee to TBS after that date. 
The TBS code, however, was permanently affixed to Key=s equipment.








On September 27, 2000, TBS sent a letter to Key in
which TBS claimed that Key was continuing to use the TBS codes after the
termination of their relationship.  TBS
claimed that Key had reported thefts of its equipment and had used the TBS code
numbers for identification purposes.  TBS
requested that Key Acease and
desist@ from the
use of any TBS owned codes Ato
identify assets or for use in connection with law enforcement agencies and
industry affiliates.@  In a memo dated December 14, 2000, Key
instructed its employees not to use the code numbers to identify any Key
assets.  TBS filed suit on May 9, 2001.

In its first issue on appeal, Key argues that the
evidence is legally insufficient to support the jury=s
finding on quantum meruit.  Because TBS
had the burden of proof on the quantum meruit finding, we consider only the
evidence and inferences that tend to support the finding, disregarding any
evidence or inferences to the contrary.  
Sw. Key Program, Inc. v. Gil‑Perez, 81 S.W.3d 269, 274 (Tex. 2002); Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965); see Merrell Dow Pharms., Inc. v. Havner,
953 S.W.2d 706, 711 (Tex.
1997).  A legal sufficiency challenge may
only be sustained when:  (1) the record
discloses a complete absence of evidence of a vital fact; (2) the court is
barred by rules of law or of evidence from giving weight to the only evidence
offered to prove a vital fact; (3) the evidence offered to prove a vital fact
is no more than a mere scintilla; or (4) the evidence establishes conclusively
the opposite of a vital fact.  City of
Keller v. Wilson,
168 S.W.3d 802, 810 (Tex. 2005); Uniroyal
Goodrich Tire Co. v. Martinez, 977 S.W.2d
328, 334 (Tex.
1998); Robert W. Calvert, ANo
Evidence@ and AInsufficient Evidence@ Points of Error, 38 Tex. L. Rev. 361, 362-63 (1960).  Evidence is legally sufficient if it would
enable reasonable and fair-minded people to reach the verdict under review.  City of Keller, 168 S.W.3d at 827.  We credit favorable evidence if reasonable
jurors could, and we disregard contrary evidence unless jurors could not.  Id.  Furthermore, we must review the sufficiency
of the evidence in light of the charge submitted.  See Bradford v. Vento, 48 S.W.3d 749,
754 (Tex. 2001); Osterberg v. Peca, 12
S.W.3d 31, 54-55 (Tex.
2000).

 To recover
in quantum meruit, a claimant must prove (1) that valuable services were
rendered or materials furnished (2) for the person sought to be charged and (3)
that those services and materials were accepted by the person sought to be
charged (4) under such circumstances as reasonably notified the person sought
to be charged that the plaintiff in performing such services was expecting to be
paid by the person sought to be charged. 
Heldenfels Brothers, Inc. v. City of Corpus
 Christi, 832 S.W.2d 39, 41 (Tex. 1992).








The record shows that, after the termination of
their relationship with TBS, Key reported at least four thefts of its equipment
to law enforcement.  Law enforcement
officers obtained TBS code numbers from a Key employee to use as identifying
information.  The record also shows that,
in a letter to the Midland County Sheriff=s
Office dated after the termination of the relationship, a vice president for
Key provided the sheriff=s
office the Ago ahead@ to use the TBS code numbers to
identify Key=s stolen
equipment.  In another letter to the
sheriff=s office
dated January 27, 2003, a Key employee stated:

If
law enforcement confiscates or finds equipment with the brand TBS 101 that is
not on Key property or is being used by a company other that Key[,] it can be
deemed Astolen@ property. Any equipment or property
with ANY identification recognized as a Key asset not on Key property or being
used by another company can be deemed Astolen@ property.

 

Brad Roberts, president and owner of TBS,
testified that, after the termination of the relationship, he often responded
to calls from law enforcement personnel regarding Key equipment. He also went
to an auction site along with law enforcement and helped identify Key
equipment.

Quantum meruit is a theory of recovery based upon
an implied agreement to pay for benefits received. Id. 
Key had already paid TBS for marking the equipment.  As we have pointed out, the brochure produced
by TBS contained the assertion that the fees covered the right to lease the codes  so that the codes might be used to aid
identification in the event of theft.  In
its brochure, TBS goes on to say that fees generate the capital necessary to
enable TBS to do various things to assist in the recovery of assets and to
deter losses.  Until the time that Key
terminated its relationship with TBS, it paid the monthly fee.  When it terminated the relationship, it paid
nothing more.  TBS was no longer
providing a valuable service to Key.  Key
paid TBS for the service of marking the equipment at the time that it was
marked.  The record shows that the
markings were permanent.  Key sought no
other services from TBS after the termination of the relationship.  Following the date that Key terminated its
relationship with TBS, TBS did not provide a valuable material or service to
Key that was accepted by Key knowing that TBS would expect payment.  There was no implied agreement that Key would
pay TBS more than the approximately $600,000 it had already paid.

The evidence is legally insufficient to support
the jury=s finding
on any of the elements of quantum meruit. 
Key=s first
issue on appeal is sustained.  

Because we find that the evidence is legally
insufficient to support the jury=s
finding on quantum meruit, we need not address Key=s
second issue that there is insufficient evidence to support the jury=s finding on damages.  Tex.
R. App. P. 47.1.








The judgment of the trial court is reversed, and
we render judgment that TBS take nothing on its claims against Key.

 

JIM R. WRIGHT

CHIEF JUSTICE

 

August 31, 2006

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.











[1]In its original petition, TBS also alleged trademark
infringement.  The trial court granted
summary judgment in Key=s favor on the trademark infringement claim.