**Barney J. SCHULZ, Appellant,**

v.

**JACKSON PETROLEUM PRODUCTS, INC., Appellee.**

**No. 09–89–086 CV.**

Court of Appeals of Texas, Beaumont.

June 21, 1990.

James P. Finstrom, Jefferson, for appellant.

James A. Clark, Woodville, for appellee.

## OPINION

BURGESS, Justice.

This is an appeal from a jury trial on a sworn account. Jackson Petroleum Products, Inc. ("J.P.P.") sued Challenge Oil Field Supply, Inc. ("Challenge") as the primary obligor and Barney J. Schulz ("Schulz") as the guarantor of an open account. Challenge went bankrupt and the case went to trial only against Schulz. J.P.P. obtained judgment on the jury verdict for $11,106.22 and attorneys' fees. Schulz brings twelve points of error.

■ We will consider appellant's first two points together. Point of error one urges J.P.P. failed to make a prima facie case of reasonableness of the charges. Point of error two avers there is no evidence to support the judgment on a sworn account because the account was not offered into evidence. When considering legal sufficiency or "no evidence" points, we consider only the evidence, and reasonable inferences therefrom, which viewed in its most favorable light supports the finding and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965). If there is any probative evidence to support the finding, the point must be overruled. *Id.*

■ Invoices for diesel fuel and oil which were paid by the corporation without protest were admitted into evidence without objection. The jury could infer from these invoices that the charges were agreeable to the receiving party. A list of the dates and amounts of the invoices was also in evidence, as well as the invoices themselves, and there was oral testimony of the later credit to the account and the total balance due. This is some evidence of the existence of the open account and the amount due thereon. *See Blue Bell, Inc. v. Isbell*, 545 S.W.2d 563 (Tex.Civ.App.—El Paso 1976, no writ). Furthermore, the issue of the amount of the account was submitted generally to the jury. Schulz did not object to question as submitted or request a specific finding of the individual items of the account. Nor did he raise these issues before the trial court. Thus, any error was waived. Points of error one and two are overruled.

■ Points of error three through seven complain of the legal and factual insufficiency of the evidence to show a guaranty

by Schulz. We discussed the appropriate standard for "no evidence" points under points of error one and two. *See Garza v. Alviar, supra.* In a factual sufficiency challenge, we consider all of the evidence including that which is contrary to the verdict. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). We may sustain a factual insufficiency point only if we determine that the finding of a vital fact is so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Id.* Schulz and the president of J.P.P. gave conflicting testimony of the content and intent of a conversation between them. Schulz denied he personally guaranteed Challenge's bills and claimed the conversation took place after the delivery of the account goods. Jackson, the president of J.P.P., claimed the conversation occurred prior to delivery, that Schulz told him he would be paying the check, and that he interpreted Schulz's comments as an agreement to be personally responsible for payment. Where conflicting evidence is susceptible of more than one meaning, it is for the finder of fact to determine intent. *Gulf Liquid Fertilizer Co. v. Titus,* 163 Tex. 260, 354 S.W.2d 378 (1962). There is sufficient evidence to support the jury finding. Points of error three, four, five, six and seven are overruled.

■ Points of error eight and nine complain of the charge on the following questions:

### Question No. 1

Do you find from a preponderance of the evidence that on or about July 1, 1981, the Defendant, BARNEY SCHULZ, agreed to pay as his own debt all charges for goods, wares and merchandise sold and delivered by the Plaintiff, JACKSON PETROLEUM PRODUCTS, INC., to or for the Challenge oilwell drilling rig in Tyler County, Texas? (instruction omitted)

If you have answered Question No. 1 "Yes", and only in that event, then answer:

### Question No. 2

Do you find from a preponderance of the evidence that the agreement of BARNEY SCHULZ, if any, to assume such payment as his own debt was made in consideration of the promise by the Plaintiff, JACKSON PETROLEUM PRODUCTS, INC. to furnish goods, wares and merchandise to the Challenge oilwell site in Tyler County, Texas? (instruction omitted)

Schulz timely objected that the questions do not require a finding by the jury that the guaranty was made before the goods were delivered and requested its inclusion in the questions. Jackson testified the conversation with Schulz occurred before the first delivery. Schulz testified the conversation occurred in September. The invoices date from July 2 to October 5. For an oral agreement to pay the debt of another to be enforceable there must be (1) a promise of primary responsibility to pay (2) sufficient consideration to support the promise to pay and (3) sufficient consideration to remove the promise from the Statute of Frauds. *Gulf Liquid Fertilizer Co.,* 354 S.W.2d at 383. If the promise of the guarantor is made contemporary to the promise of the primary debtor, the consideration which supports the primary debtor's promise also supports that of the guarantor. *Fourticq v. Fireman's Fund Ins. Co.,* 679 S.W.2d 562 (Tex.App.—Dallas 1984, no writ). In the case of a pre-existing debt, there must be a new and independent undertaking and a new consideration. *Shahan–Taylor Co. v. Foremost Dairies,* 233 S.W.2d 885 (Tex. Civ.App.—San Antonio 1950, writ ref'd n.r. e.). The submitted question only required the jury find an agreement was made "on or about July 1" which could include the period of time after the first delivery occurred. If the jury had found a post-delivery promise, recovery would be barred by TEX.BUS. & COM.CODE ANN. sec. 26.01 (Vernon 1987). The trial court erred because the charge omitted a fact issue essential to the cause of action. Points of error eight and nine are sustained. Thus, we do not reach the remaining points of error.

Points of error eight and nine are sustained. Points of error one through seven are overruled. We do not reach points of error ten, eleven and twelve. The judgment of the trial court is reversed and the cause remanded.

REVERSED AND REMANDED.