Woods v. Plaza Bank 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-021-CV





HENRI A. WOODS AND MARIA IRMA WOODS, INDIVIDUALLY, 


AND HENRI A. WOODS, INC.,



 APPELLANTS


vs.





PLAZA BANK, N.A. OF NEW BRAUNFELS, FORMERLY KNOWN AS 


MBANK NEW BRAUNFELS, N.A.,



 APPELLEE



 




FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT



NO. C91-322C, HONORABLE FRED A. MOORE, JUDGE PRESIDING 



 





 Appellants Henri A. Woods, Maria Irma Woods and Henri A. Woods, Inc.
(collectively, "the Woods"), appeal a deficiency judgment rendered against them in favor of
appellee Plaza Bank, N.A. of New Braunfels, F/k/a M-Bank New Braunfels, N.A. ("the Bank"),
for $27,076.99 in a suit on a commercial promissory note which the Woods signed and
guaranteed. In a single point of error, the Woods challenge the sufficiency of the evidence to
support the court's ruling that the Bank gave adequate notice to the Woods of the disposition of
certain collateral pursuant to section 9.504(c) of the Texas Business and Commerce Code. Tex.
Bus. & Com. Code Ann. § 9.504(c) (West 1991). We will affirm the trial court's judgment.



FACTS


 Henri Woods and his wife, Maria Woods, decided to open a restaurant in New
Braunfels, Texas. At that time, the Woods already owned a restaurant in San Antonio, Texas,
and had been in the restaurant business for twenty-eight years. The Woods sought financing for
the new restaurant from Randall Haugh, president and loan officer of the Bank. The Bank
extended a secured loan to the Woods in the principal amount of $55,363.23, and the Woods
executed a promissory note ("the Note"). Additional collateral for the loan consisted of security
agreements covering a $38,000 certificate of deposit owned by Henri Woods' mother and all the
restaurant equipment owned by the Woods. The Bank also required personal guarantees on the
note from Henri and Maria Woods, individually.

 The note was due on January 2, 1991. The Woods defaulted on the note and the
Bank eventually redeemed the certificate of deposit and sold the equipment collateral for $4,000
in a private sale. The Bank then filed suit against the Woods for the deficiency.



STANDARD OF REVIEW


 The Bank had the burden of proving it acted in a commercially reasonable manner
in disposing of the collateral and in notifying the Woods of the proposed disposition. Gray v.
Federal Deposit Ins. Corp., 841 S.W.2d 72, 84 n.13 (Tex. App.--Houston [1st Dist.] 1992, writ
granted); see Greathouse v. Charter Nat'l Bank, 851 S.W.2d 173, 176-77 (Tex. 1992). Whether
notice pursuant to section 9.504(c) is "reasonable" is ordinarily a question of fact. Siboney Corp.
v. Chicago Pneumatic Tool Co., 572 S.W.2d 4, 6 (Tex. App.--Houston [1st Dist.] 1978, writ ref'd
n.r.e.); but cf. Wright v. Interfirst Bank Tyler, N.A., 746 S.W.2d 874, 876 (Tex. App.--Tyler
1988, no writ) (holding that whether notice of a public sale constitutes reasonable notice of a
private sale is a question of law). 

 Here, the Woods allege that any notice given did not indicate whether the sale was
to be public or private, and therefore it was legally insufficient to satisfy the statute. However,
the statute does not require that the notice specify which type sale will be employed. Hall v.
Crocker Equip. Leasing, Inc., 737 S.W.2d 1, 3 (Tex. App.--Houston [14th Dist.] 1987, writ
denied). The trial court found that the Bank reasonably notified the Woods pursuant to section
9.504(c). (1)

 A "trial court's findings of fact are reviewable for legal and factual sufficiency of
evidence to support them. . . ." (2) Kinabrew, 589 S.W.2d at 146. In deciding a legal sufficiency
point, we must consider only the evidence and inferences tending to support the finding of the
trier of fact and disregard all evidence and inferences to the contrary. Alm v. Aluminum Co. of
Am., 717 S.W.2d 588, 593 (Tex. 1986), cert. denied, 498 U.S. 847 (1990); Garza v. Alviar, 395
S.W.2d 821, 823 (Tex. 1965). When considering factual sufficiency questions, we are required
to review all the evidence in the record, including any evidence contrary to the finding of the
court, and decide whether the judgment is so against the great weight and preponderance of the
evidence as to be manifestly unjust. Beltran v. Groos Bank, N.A., 755 S.W.2d 944, 945 (Tex.
App.--San Antonio 1988, no writ) (citing In re King's Estate, 244 S.W.2d 660 (1951)).



DISCUSSION


 In their sole point of error, the Woods contend the trial court erred in finding that
the Bank gave reasonable notification of the disposition of the equipment collateral as required by
section 9.504 (c) of the Texas Business and Commerce Code. (3) Specifically, the Woods argue that
certain letters from the Bank regarding the liquidation of the collateral did not constitute
"reasonable notification" under this section, and that the Bank's evidence of oral notification is
irrelevant because section 9.504(c) does not provide for oral notification.

 The record reflects that the Bank mailed a letter to the Woods on January 15, 1991,
stating its purpose to establish a ten-day period for payment in full or for making other satisfactory
arrangements for the loan's repayment. The letter then stated:



Please be advised that you have until 3:00 p.m. on Friday, January 25, 1991, to
pay the principal balance plus accred [sic] interest on the note referenced above or
make other arrangements for the payment of the note. If the debt has not been
satisfied by 3:00 p.m. on Friday, January 25, 1991, then it is my intention to begin
the process of liquidating collateral securing said debt.



On January 29, 1991, the Bank mailed another letter to the Woods and to Henri's mother
informing them that because there had been no response to the previous letter, the Bank had
redeemed the certificate of deposit and applied it to the outstanding balance on the loan. The
letter then stated:



I am available for discussion of payment of the remaining balance plus interest of
the note as well as any possible sources that you might have for purchasing the
remaining collateral. Should the balance plus interest due not be paid in full from
the sale of collateral, the note will then be referred to our attorney, Mr. Kenneth
D. Brazle, for suit.



By letters dated March 26, 1991, the Bank informed the Woods that it had liquidated all the
equipment collateral by accepting the highest bid received as a result of private solicitation, and
had applied that amount to the outstanding balance.

 At trial, Mr. Haugh testified that when Mr. Woods came to his office to inform him
he had closed the restaurant and would not be able to repay the loan, Mr. Haugh asked him about
assisting the Bank in finding potential buyers for the equipment collateral, but that Mr. Woods
refused. Mr. Haugh testified that he told Mr. Woods the equipment collateral would have to be
liquidated by offering it for sale. Mr. Haugh testified that as a result of his meeting with Mr.
Woods and the letters he subsequently sent to the Woods, he believed that Mr. Woods understood
that liquidation of the collateral would be through private sale.

 Mr. Woods testified that Mr. Haugh never told him he had the right to submit a
private bid or to have others submit bids and that he did not understand he had such a right. He
further stated that he did not know whether there was going to be a public or private sale of the
equipment.

 The purpose of the notice provision in section 9.504(c) is to allow a debtor an
opportunity to protect his interests in collateral by redeeming the property himself or by finding
other buyers for the property and otherwise ensuring the sale is reasonable. Knights of Columbus
Credit Union v. Stock, 814 S.W.2d 427, 430 (Tex. App.--Dallas 1991, writ denied). "The
important consideration is not whether the notice is written or oral, but whether it was reasonable
and whether it was received within the prescribed time period." Beltran, 755 S.W.2d at 946
(citations omitted); see MBank Dallas, N.A. v. Sunbelt Mfg., Inc., 710 S.W.2d 633, 635-36 (Tex.
App.--Dallas 1986, writ ref'd n.r.e.); see also Adcock v. First City Bank of Alice, 802 S.W.2d
305, 307 n.3 (Tex. App.--San Antonio 1990, no writ). Thus, "[l]ess than full and complete notice
is required . . . and whether the notice is oral or written is only one factor that should be
considered in deciding whether or not the notice is reasonable." MBank Dallas, 710 S.W.2d at
636.

 When collateral is disposed of through private sale, section 9.504(c) merely
requires that the creditor give the debtor notice of the time after which the sale will occur. Tex.
Bus. & Com. Code Ann. § 9.504(c) (West 1991). The creditor is not required to specify whether
the sale will be private or public. Hall, 737 S.W.2d at 3; see Tex. Bus. & Com. Code Ann.
§ 9.504(c) (West 1991). 

 We find the Woods' argument that there was insufficient evidence to support the
trial court's finding that they were reasonably notified to be without merit. The trial court
reasonably could find from the evidence that the Bank notified the Woods that the equipment
would be sold after January 25, 1991, and that it gave them a fair opportunity to participate in its
disposition. We hold that there was factually and legally sufficient evidence from which the trial
court could conclude that the Woods were "reasonably notified" pursuant to section 9.504(c). 
Accordingly, we overrule the Wood's point of error.

 We affirm the judgment of the trial court.



 

 Marilyn Aboussie, Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: December 8, 1993

Do Not Publish

1.   Although designated a conclusion of law, this finding properly is labeled a finding of
fact. Siboney Corp., 572 S.W.2d at 6.
2.   In their sole point of error, the Woods seem to challenge the trial court's finding of
reasonable notification both on sufficiency of the evidence grounds and as error as a
matter of law. This may result from the court's labeling of this finding as a conclusion of
law as opposed to a finding of fact. First Nat'l Bank v. Kinabrew, 589 S.W.2d 137, 146
(Tex. Civ. App.--Tyler 1979, writ ref'd n.r.e.) ("[c]onclusions of law are reviewable when
attacked as erroneous as a matter of law, but not when attacked on grounds of sufficiency of
the evidence to support them, as if they were findings of fact."). Nevertheless, we believe that
the Wood's point of error, read liberally, can be interpreted as properly challenging the trial
court's finding of fact on a factual and legal sufficiency basis. To the extent the Woods
challenge this holding as error as a matter of law, however, the point is overruled.
3.   Section 9.504(c) states in relevant part:


(c) Disposition of the collateral may be by public or private proceedings
and may be made by way of one or more contracts. . . . Unless
collateral is perishable or threatens to decline speedily in value or is of a
type customarily sold on a recognized market, reasonable notification of
the time and place of any public sale or reasonable notification of the time
after which any private sale or other intended disposition is to be made
shall be sent by the secured party to the debtor. . . .


Tex. Bus. & Com. Code Ann. § 9.504(c) (West 1991) (emphasis added).