

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00228-CV

———————————————

THERISA R. BLUE, Appellant

V.

CVITA Z. HANSHAW, Appellee

On Appeal from County Court at Law No. 3
Tarrant County, Texas
Trial Court No. 2017-002237-3

Before Sudderth, C.J.; Birdwell and Bassel, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

In one issue, Appellant Therisa R. Blue raises a factual sufficiency challenge to a jury finding of no negligence in a personal injury lawsuit.

Blue filed suit against Appellee Cvita Z. Hanshaw for personal injury damages that Blue contended she sustained as a result of an automobile collision between the two parties. In response to the question as to whether Hanshaw's negligence caused Blue's injuries, the jury answered "no," and the trial court entered a take-nothing judgment on the verdict. On appeal, Blue argues that the jury verdict was against the great weight and preponderance of the evidence. Although Hanshaw did not file an appellee's brief in response, we nevertheless hold that Blue's issue was not properly preserved for our review, and therefore we affirm.

At approximately 8:45 a.m. on May 18, 2015, Hanshaw was in her vehicle in a bank's drive-through lane waiting for the bank to open for business at 9:00 a.m. From the record it appears that the parties agree that at some point, Blue pulled her vehicle into the same lane and behind Hanshaw's car, and sometime thereafter, Hanshaw attempted to back her vehicle out of the lane. In doing so, Hanshaw's vehicle collided into Blue's. The stories diverge somewhat at this point.

At trial, Blue claimed that she had been waiting behind Hanshaw's vehicle for ten minutes before Hanshaw backed her vehicle into hers. But Hanshaw testified that she looked in her rearview mirror prior to backing up and saw no one behind her, she

2

looked down for mere "seconds" to put her gear into reverse, and then "all of a sudden," as she was backing up, Blue's car was there.

Blue described the impact as sudden and Hanshaw's speed as fast. According to Blue, the impact "threw [her] foot and [her] leg back," causing her knee to hit the console and driving her leg "into [her] hip." She said she felt like her foot had been "shattered." But Hanshaw characterized the collision as minor and testified that her speed was at a "crawl" at the time of the impact. As Hanshaw explained, "you really can't get a lot of speed just backing up in a drive-through lane."

Blue claimed to have sustained injuries to her neck, back, hip, leg, and foot as a result of this collision, injuries which prevented her from being able to engage in activities that she had enjoyed in the past—walking, dancing, and aerobics. According to Blue, she also could not perform housekeeping or yard work to the extent that she had been able to before the collision. But Hanshaw pointed to evidence that Blue's pain stemmed from a degenerative disc disease that was exacerbated by Blue's smoking and obesity.

Almost two years after the collision, Blue filed suit against Hanshaw, and more than four years after that, the case was tried to a jury. In response to Question No. 1 of the jury charge—"Did the negligence, if any, of Cvita Z. Hanshaw proximately cause the injuries in question?"—the jury answered "no." On appeal Blue argues that because she had testified that she had been sitting behind Hanshaw for ten minutes before Hanshaw backed into her, because Hanshaw admitted that she had backed into

3

Blue and did not make a claim for contributory negligence, and because there was evidence that Blue sustained injuries and impairment as a result of the collision, the jury finding was against the great weight and preponderance of the evidence and must be reversed.

But this is not the standard of review we apply to a factual sufficiency challenge. Instead of looking at isolated facts that tend to negate the jury finding, we are to consider and weigh all of the pertinent evidence in the record. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965). Only if the finding is so contrary to the overwhelming weight of all the evidence as to be manifestly unjust, shock the conscious, or clearly demonstrate bias are we to set aside the finding and order a new trial. *Pool*, 715 S.W.2d at 635. But before we begin this evidentiary review, we first make a threshold inquiry: has Blue's factual sufficiency challenge been preserved for our review?

To preserve error, Blue must have complained in a motion for new trial that the jury's answer was against the overwhelming weight of the evidence. Tex. R. Civ. P. 324(b)(2)–(3); *see In re M.S.*, 115 S.W.3d 534, 547 (Tex. 2003). The record here does not show that Blue filed any motion for new trial. *See* Tex. R. App. P. 34.5(a)(6) (providing that the clerk's record must include copies of any post-judgment motion). Thus, Blue's factual sufficiency complaint has not been preserved for our review.

4

We overrule Blue's factual sufficiency point. Having overruled Blue's sole point on appeal, we affirm the trial court's judgment.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: July 7, 2022